**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re:

**MOSDOS CHOFETZ CHAIM INC.,**

**Chapter 11**
**Case No.: 12-23616 (RDD**

**Reorganized Debtor**

------------------------------------------------x
**MOSDOS CHOFETZ CHAIM INC., RABBI MAYER ZAKS,**
derivatively on behalf of MOSDOS CHOFETZ CHAIM INC.,
SIMA WEINTRAUB, derivatively on behalf of MOSDOS
CHOFETZ CHAIM INC., DANIEL ROSENBLUM,
derivatively on behalf of MOSDOS CHOFETZ CHAIM INC.,
JOSEPH GRUNWALD, derivatively on behalf of MOSDOS
CHOFETZ CHAIM INC., and YISROEL HOCHMAN,
derivatively on behalf of MOSDOS CHOFETZ CHAIM INC.,

: Adv. Pro. No. 20-08949-RDD

**Plaintiffs,**

- against-

**MOSDOS CHOFETZ CHAIM INC., CHOFETZ CHAIM**
**INC., TBG RADIN LLC, SHEM OLAM LLC.,**
**CONGREGATION RADIN DEVELOPMENT INC., ARYEH**
**ZAKS, BEATRICE WALDMAN ZAKS, HENOCH ZAKS,**
**MENDEL ZAKS, GITTEL ZAKS LAYOSH, SAMUEL**
**MARKOWITZ and STERLING NATIONAL BANK,**

**Defendants.**
------------------------------------------------x

**ORDER (A) DENYING PLAINTIFFS' MOTION FOR REMAND, OR**
**ALTERNATIVELY, FOR THE APPOINTMENT OF A RECEIVER AND (B)**
**ISSUING INJUNCTIVE RELIEF PENDING DETERIMINATION OF CONTESTED**
**ISSUES**

Plaintiffs having moved this Court for an order (i) remanding this Adversary Proceeding to the Supreme Court of the State of New York, Rockland County, or, alternatively, (ii) appointing a receiver for the improved property (the "Property") located at 50 Grandview Avenue, New Hempstead, New York (the "Motion"); and certain of the Defendants having opposed the Motion; and the Court having conducted a hearing on the Motion on March 16, 2020 (the "Hearing"); and

1

upon the record of the Hearing and all of the proceedings and pleadings herein; and, after due deliberation and for the reasons stated by the Court in its bench rulings at the Hearing, the Court having determined that the Motion should be denied on the terms and conditions set forth herein; and the Court having reviewed the parties' submissions regarding the proposed form of this order; and sufficient cause appearing for the entry of this order; and it appearing that no other or further notice or hearing is necessary, it is hereby

**ORDERED AND DETERMINED** that the Court has jurisdiction -- under 28 U.S.C. §§ 157(a)-(b) and 1334(b), the chapter 11 plan in this case (the "Plan"), and the Court's order dated October 2, 2019 (the "Confirmation Date") confirming the Plan (the "Confirmation Order"), as a core proceeding under 28 U.S.C. § 157(b) arising in this case that the Court can decide by a final order or judgment consistent with the United States Constitution -- to determine (a) the Motion and (b) the authority of the reorganized debtor herein (the "Reorganized Debtor") under the Plan and the Confirmation Order to make the transfers challenged in this removed Adversary Proceeding, including, without limitation, the post-Confirmation Date transfer by the Reorganized Debtor of the Property, and to grant the injunctive relief set forth herein in furtherance of the Court's jurisdiction to interpret and enforce the Plan and the Confirmation Order; and it is further

**ORDERED**, that the Motion's requests (a) to remand this Adversary Proceeding to the Supreme Court, Rockland Country and (b) to appoint a receiver for the Property are denied; and it is further

**ORDERED**, that this Court's prior direction to the parties to maintain the status quo as it existed as of December 17, 2019 (the date of the last hearing before the Court in this Chapter 11 case) shall remain in force until the "Evidentiary Hearing" (as defined below). The injunctive provisions of this order are in furtherance of and implement that direction; and it is further

**ORDERED**, that, subject to further order of this Court, all tenants at the Property shall pay any required rent to Congregation Radin Development Inc. at the address provided to them by Radin Development Inc.; and it is further

**ORDERED**, that, subject to further order of this Court, any tenants at the Property who on the basis of the issues in dispute in this Adversary Proceeding or any direction by any other court or third party on the basis of such dispute do not pay any required rent as provided in the preceding decretal paragraph of this order shall be subject to nonpayment proceedings in the state courts, subject to any other defenses that they may have with the exception of the foregoing, including, without limitation, applicable orders from the New York Courts and the New York State Government concerning any closures or delays during the current health crisis; and it is further

**ORDERED**, that, subject to further order of this Court, any third party who receives any rent payment in respect of a tenancy at the Property shall as promptly as practicable and in no event later than 10 days after receipt, transfer such payment to Congregation Radin Development Inc., to be dealt with as provided in this order; and it is further

**ORDERED**, that, subject to further order of this Court, all money received for the rental of any portion of the Property in excess of the necessary costs of operating or maintaining the Property and paying all costs and expenses incident thereto (including any mortgage obligations thereupon), shall be deposited, on a monthly basis, into escrow with the law firm of Klestadt Winters Jureller Southard & Stevens, LLP; and the deposit into the such escrow account shall be accompanied by a verified statement by Congregation Radin Development Inc. of the amount of rent received for the previous month and the expenses paid for the previous month hereunder, which statement shall be promptly emailed to all attorneys of record in this case; and it is further

**ORDERED**, that, as promptly as practicable and in no event later than 10 days after the

date of this order, Congregation Radin Development Inc. shall file on the docket of this case a certification setting forth its disposition of the proceeds of the $15 million loan given by Sterling Bank to Congregation Radin Development in exchange for which it was granted a mortgage on the Property, whereupon Plaintiffs may have expedited discovery from Congregation Radin Development Inc. regarding its disposition of the Sterling Bank loan proceeds, as well as discovery of any insider of the Reorganized Debtor receiving any such proceeds; and it is further

**ORDERED** that, subject to further order of this Court, the proceeds of the Sterling Bank loan shall not be used out of the ordinary course of business; and it is further

**ORDERED** that the parties to this Adversary Proceeding shall employ their best efforts to engage in expedited discovery of all matters necessary and relevant to the disposition of the Evidentiary Hearing contemplated by this order to determine (i) whether the corporate governance of the Reorganized Debtor and the identity of the Reorganized Debtor's Board of Trustees on (a) the Confirmation Date and (b) the post-Confirmation Date transfer of the Property by the Reorganized Debtor were in compliance with the Plan and Confirmation Order, and (ii) subject to any right under New York's "parole evidence rule," whether the Confirmation Order approved the Reorganized Debtor's post-Confirmation Date transfer of the Property without the requirement of any additional approval under applicable New York law, and, if not, whether such approval was obtained (the "Contested Issues"). Said discovery, as well as any discovery under the terms of this order regarding the disposition of the Sterling Bank loan proceeds, shall be concluded by no later than sixty (60) days following the lifting of the "shelter in place" directives now in effect in New York and New Jersey, subject to the parties requesting additional time if current restrictions remain in effect or other government-ordered restrictions that would cause the delay of such discovery are imposed and remain in effect; and it is further

4

**ORDERED** that, subject to further order of this Court, all parties to this Adversary Proceeding, their agents and assigns are barred from commencing or continuing to engage in any arbitration proceeding or other court proceeding that seeks any ruling on any of the Contested Issues or the Reorganized Debtor's post-Confirmation Date transfer of the Property, the incurrence of the Sterling Bank loan and mortgage, or the disposition of the proceeds thereof;[1] and it is further

**ORDERED** that the parties to this Adversary Proceeding shall obtain from the Court's chambers a date no later than thirty (30) days after the close of discovery for the conduct of an evidentiary hearing before this Court on the pending motion by Rabbi Mayer Zaks in this Chapter 11 case, to determine the Contested Issues (the "Evidentiary Hearing"), which motion is consolidated with this Adversary Proceeding pursuant to Fed. R. Bankr. P. 7042; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order, including the authority to (a) interpret, implement and enforce the terms and provisions of this order (including the injunctive relief provided in this order), and (b) provide any further relief that is necessary or appropriate in furtherance of this order.

Dated:  White Plains, New York
         March 26, 2020 4:00 p.m. ET

                                        */s/Robert D. Drain*
                                        **HONORABLE ROBERT D. DRAIN**
                                        **UNITED STATES BANKRUPTCY JUDGE**

---

[1] Any party nevertheless commencing or continuing to engage in any such proceeding is on notice that in so doing it is in willful breach of this order and the Confirmation Order and subject to sanction for contempt.