UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re MOSDOS CHOFETZ CHAIM, INC.<br><br>Debtor. | Chapter 11<br><br>Case No.: 12-23616-rdd |
| MOSDOS CHOFETZ CHAIM, INC.,<br>RABBI MAYER ZAKS, derivatively on behalf of<br>MOSDOS CHOFETZ CHAIM, INC., SIMA<br>WEINTRAUB, derivatively on behalf of MOSDOS<br>CHOFETZ CHAIM, INC., DANIEL ROSENBLUM,<br>Derivatively on behalf of MOSDOS CHOFETZ<br>CHAIM, INC. JOSEPH GRUNWALD, derivatively<br>on behalf of MOSDOS CHOFETZ CHAIM, INC.,<br>and YISROEL HOCMAN, derivatively on behalf of<br>MOSDOS CHOFETZ CHAIM, INC.<br><br>                     Plaintiffs,<br><br>        -against-<br><br>MOSDOS CHOFETZ CHAIM, INC., CHOFETZ<br>CHAIM, INC., TBG RADIN LLC, SHEM OLAM,<br>LLC, CONGREGATION RADIN DEVELOPMENT<br>INC., ARYEH ZAKS, BEATRICE WALDMAN<br>ZAKS, HENOCH ZAKS, MENDEL ZAKS, GITTEL<br>ZAKS LAYOSH, SAMUEL MARKOWITZ, and<br>STERLING NATIONAL BANK,<br><br>                     Defendants. | Adversary<br>Proceeding No. 20-08949-rdd<br><br>**VERIFIED ANSWER<br>WITH COUNTERCLAIM<br>AND CROSS-CLAIMS** |

Defendant Sterling National Bank ("Sterling"), by its attorneys, Schwartz Sladkus Reich Greenberg Atlas LLP, as and for its verified answer with counterclaim and cross-claims to the amended complaint of plaintiffs Mosdos Chofetz Chaim Inc. ("Mosdos"), Rabbi Mayer Zaks, derivatively on behalf of Mosdos, Joseph Grunwald, derivatively on behalf of Mosdos and Yisroael Hochman, derivatively on behalf of Mosdos (collectively, "Plaintiffs"), dated January 15, 2020 (the "Complaint") allege as follows:

1.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint.

2.      Deny the allegations in paragraph 2 of the Complaint.

3.      Deny the allegations in paragraph 3 of the Complaint.

4.      Deny the allegations in paragraph 4 of the Complaint.

5.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint.

6.      Deny the allegations in paragraph 6 of the Complaint.

**Answering the "Parties" Section**

7.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint.

10.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Complaint.

14.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Complaint.

15.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint.

16.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint.

17.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint.

19.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint.

20.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Complaint.

21.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Complaint.

22.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Complaint.

23.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 of the Complaint.

24.    Deny the allegations in paragraph 24 of the Complaint.

**Answering the "Jurisdiction and Venue" Section**

25.    The allegations contained in paragraph 25 of the Complaint consist of legal conclusions to which no response is required; to the extent a response is required, Sterling denies said allegations.

**Answering the "Introduction" Section**

26.    Deny the allegations in paragraph 26 of the Complaint.

27.    Deny the allegations in paragraph 27 of the Complaint.

28.    Deny the allegations in paragraph 28 of the Complaint.

29.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 of the Complaint.

30.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 of the Complaint.

31.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31 of the Complaint.

32.    Deny that the property located at 50 Grandview Avenue, Spring Valley, New York a/k/a 1-60 Kiryas Radin Drive, Spring Valley, New York (Section 41.20, Block 2, Lot 40) (the "Property") was stolen from Mosdos, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 32 of the Complaint.

33.    Deny the allegations in paragraph 33 of the Complaint.

34.    Deny the allegations in paragraph 34 of the Complaint.

35.    Deny the allegations in paragraph 35 of the Complaint.

36.    Admit that Sterling provided $15,000,000.00 in funds (the "Loan Funds") in exchange for a mortgage on the Property, which were provided through a Mortgage and Security

Agreement (the "Sterling Mortgage") and other ancillary documents (the "Ancillary Documents" and together with the Sterling Mortgage, the "Loan Documents") that were executed on October 25, 2019, and deny the remainder of the allegations in paragraph 36 of the Complaint.

37.    Deny the allegations in paragraph 37 of the Complaint.

38.    Deny the allegations in paragraph 38 of the Complaint.

### Answering the "Facts" Section

39.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39 of the Complaint.

40.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 40 of the Complaint.

41.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41 of the Complaint.

42.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42 of the Complaint.

43.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43 of the Complaint.

44.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44 of the Complaint.

45.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 45 of the Complaint.

46.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 46 of the Complaint.

47.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 47 of the Complaint.

48.    Deny the allegations in paragraph 48 of the Complaint.

49.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 49 of the Complaint.

50.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 50 of the Complaint.

51.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 51 of the Complaint.

52.    Deny the allegations in paragraph 52 of the Complaint.

53.    Admit that Sterling provided the Sterling Mortgage to Congregation Radin and otherwise deny the allegations in paragraph 53 of the Complaint.

54.    Deny the allegations in paragraph 54 of the Complaint.

55.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55 of the Complaint.

56.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56 of the Complaint.

57.    Deny the allegations in paragraph 57 of the Complaint.

58.    Deny the allegations in paragraph 58 of the Complaint.

59.    Deny the allegations in paragraph 59 of the Complaint.

60.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 60 of the Complaint.

## Answering the First Cause of Action

61.    Sterling repeats and realleges all prior paragraphs as if fully set forth herein.

62.    Deny the allegations in paragraph 62 of the Complaint.

63.    Deny the allegations in paragraph 63 of the Complaint.

64.   Deny the allegations in paragraph 64 of the Complaint.

65.   Deny the allegations in paragraph 65 of the Complaint.

66.   Deny the allegations in paragraph 66 of the Complaint.

67.   Deny the allegations in paragraph 67 of the Complaint.

68.   Deny the allegations in paragraph 68 of the Complaint.

69.   Deny the allegations in paragraph 69 of the Complaint.

70.   Deny the allegations in paragraph 70 of the Complaint.

71.   Deny the allegations in paragraph 71 of the Complaint.

## Answering the Second Cause of Action

72.   Sterling repeats and realleges all prior paragraphs as if fully set forth herein.

73.   Deny the allegations in paragraph 73 of the Complaint.

74.   Deny the allegations in paragraph 74 of the Complaint.

75.   Deny the allegations in paragraph 75 of the Complaint.

76.   Deny the allegations in paragraph 76 of the Complaint.

77.   Deny the allegations in paragraph 77 of the Complaint.

78.   Deny the allegations in paragraph 78 of the Complaint.

79.   Deny the allegations in paragraph 79 of the Complaint.

80.   Deny the allegations in paragraph 80 of the Complaint.

81.   Deny the allegations in paragraph 81 of the Complaint.

## Answering the Third Cause of Action

82.   Sterling repeats and realleges all prior paragraphs as if fully set forth herein.

83.   Deny the allegations in paragraph 83 of the Complaint.

84.   Deny the allegations in paragraph 84 of the Complaint.

85.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 85 of the Complaint.

86.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 86 of the Complaint.

87.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 87 of the Complaint.

88.    Deny the allegations in paragraph 88 of the Complaint.

89.    Deny the allegations in paragraph 89 of the Complaint.

90.    Deny the allegations in paragraph 90 of the Complaint.

91.    Deny the allegations in paragraph 91 of the Complaint.

### Answering the Fourth Cause of Action

92.    Sterling repeats and realleges all prior paragraphs as if fully set forth herein.

93.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 93 of the Complaint.

94.    Deny the allegations in paragraph 94 of the Complaint.

95.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 95 of the Complaint.

96.    Deny the allegations in paragraph 96 of the Complaint.

97.    Deny the allegations in paragraph 97 of the Complaint.

98.    Deny the allegations in paragraph 98 of the Complaint.

99.    Deny the allegations in paragraph 99 of the Complaint.

### Answering the Fifth Cause of Action

100.    Sterling repeats and realleges all prior paragraphs as if fully set forth herein.

101.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 101 of the Complaint.

102.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 102 of the Complaint.

103.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 103 of the Complaint.

104.  Deny the allegations in paragraph 104 of the Complaint.

105.  Deny the allegations in paragraph 105 of the Complaint.

**Answering the Sixth Cause of Action**

106.  Sterling repeats and realleges all prior paragraphs as if fully set forth herein.

107.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 107 of the Complaint.

108.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 108 of the Complaint.

109.  Deny the allegations in paragraph 109 of the Complaint.

110.  Deny the allegations in paragraph 110 of the Complaint.

111.  Deny the allegations in paragraph 111 of the Complaint.

112.  Deny the allegations in paragraph 112 of the Complaint.

113.  Deny the allegations in paragraph 113 of the Complaint.

114.  Deny the allegations in paragraph 114 of the Complaint.

**Answering the Seventh Cause of Action**

115.  Sterling repeats and realleges all prior paragraphs as if fully set forth herein.

116.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 116 of the Complaint.

117.  Deny the allegations in paragraph 117 of the Complaint.

118.  Deny the allegations in paragraph 118 of the Complaint.

119.  Deny the allegations in paragraph 119 of the Complaint.

120.  Deny the allegations in paragraph 120 of the Complaint.

121.  Deny the allegations in paragraph 121 of the Complaint.

### Answering the Eighth Cause of Action

122.  Sterling repeats and realleges all prior paragraphs as if fully set forth herein.

123.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 123 of the Complaint.

124.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 124 of the Complaint.

125.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 125 of the Complaint.

126.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 126 of the Complaint.

127.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 127 of the Complaint.

128.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 128 of the Complaint.

129.  Deny the allegations in paragraph 129 of the Complaint.

130.  Deny the allegations in paragraph 130 of the Complaint.

131.  Deny the allegations in paragraph 131 of the Complaint.

### Answering the Ninth Cause of Action

132.  Sterling repeats and realleges all prior paragraphs as if fully set forth herein.

133.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 133 of the Complaint.

134.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 134 of the Complaint.

135.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 135 of the Complaint.

136.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 136 of the Complaint.

137.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 137 of the Complaint.

138.  Deny the allegations in paragraph 138 of the Complaint.

139.  Deny the allegations in paragraph 139 of the Complaint.

### *STERLING DENIES THE ALLEGATIONS CONTAINED IN THE COMPLAINT'S PRAYER FOR RELIEF AND DENY ANY ALLEGATIONS IN THE COMPLAINT NOT EXPRESSLY ADMITTED HEREIN*

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Complaint is not pleaded with the requisite specificity.

### Third Affirmative Defense

Sterling has defense(s) founded upon documentary evidence.

### Fourth Affirmative Defense

Plaintiffs' claims are barred by the doctrines of release, laches, waiver, setoff, estoppel, and ratification.

### Fifth Affirmative Defense

The Complaint's claims are barred, in whole or in part, by the statute of limitations.

### Sixth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of unclean hands.

### Seventh Affirmative Defense

The Court lacks personal jurisdiction over Sterling.

### Eighth Affirmative Defense

Plaintiffs lack standing to assert all or some of the claims set forth in the Complaint, including, but not limited to, any challenge to the Sterling Mortgage on the grounds that it does not comply with New York Not-for-Profit Corporation Law ("NPCL") Section 511 or 511-a or New York Religious Corporation Law ("RCL") Section 12, *et seq*.

### Ninth Affirmative Defense

The Court lacks subject matter jurisdiction of the Complaint's cause(s) of action.

### Tenth Affirmative Defense

Plaintiffs have suffered no damages at all; to the extent they have, Plaintiffs have failed to prevent, minimize, or mitigate such damages.

### Eleventh Affirmative Defense

To the extent Plaintiffs suffered any damages at all, all such damages were caused, in whole or in part, by the affirmative wrongdoing, negligence, want of care, and other culpable conduct and/or comparative fault and/or contributory negligence of Plaintiffs and/or Plaintiffs' agents and/or persons or entities other than defendants.

### Twelfth Affirmative Defense

Plaintiffs' claims are barred by the doctrines of unconscionability, illegality, mistake, and impossibility.

### Thirteenth Affirmative Defense

Plaintiffs have an adequate remedy or remedies at law.

### Fourteenth Affirmative Defense

The Loan Documents and the obligations contained therein were duly authorized, legal, valid, and enforceable.

### Fifteenth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of in *pari delicto*.

### Sixteenth Affirmative Defense

The Complaint's claims are barred, in whole or in part, by the statute of limitations.

### Seventeenth Affirmative Defense

Plaintiffs have failed to join necessary and/or indispensable parties in some or all of the causes of action alleged herein, which parties would be responsible for the damages alleged in the Complaint.

### Eighteenth Affirmative Defense

To the extent Plaintiffs rely upon oral agreements or oral modifications that were not documented by signed writing, Plaintiffs' claims are barred by the statute of frauds.

### Nineteenth Affirmative Defense

The Complaint's claims are barred by the Second Amended Plan of Reorganization for Mosdos approved by the United States Bankruptcy Court for the Southern District of New York on October 2, 2019 (the "Plan").

*STERLING RESERVES THE RIGHT TO ADD ADDITIONAL*
*AFFIRMATIVE DEFENSES AS THEY MAY COME TO KNOW*
*DURING AND THROUGH DISCLOSURE*

## COUNTERCLAIM AND CROSS-CLAIMS

Sterling, by its attorneys, Schwartz Sladkus Reich Greenberg Atlas LLP, as and for its counterclaim and cross-claims, alleges as follows:

### Facts Common to the Counterclaim and All Cross-Claims

1.    By deed dated October 25, 2019, Mosdos transferred ownership of the Property to defendant Congregation Radin Development Inc. ("Congregation Radin") for a total purchase price of $25,700,000.00 (the "Mosdos Transfer").

2.    The Mosdos Transfer and $25,700,000.00 purchase price for the Property was funded, in part, by the Loan Funds.

3.    To obtain the Loan Funds, Congregation Radin executed the Loan Documents on October 25, 2019. Under the Loan Documents, the Loan Funds were secured by the Sterling Mortgage (the Loan Documents, Sterling Mortgage, and Loan Funds are collectively the "Loan")."

4.    In connection with the Loan, both Mosdos and Congregation Radin represented that, among other things, the Mosdos Transfer was completed in accordance with the Plan.

5.    For example, Mosdos and Congregation Radin affirmed in an Affidavit for Exemption of Payment of Mortgage Tax, which was executed as part of the Loan Documents, that the Mosdos Transfer was performed "pursuant to the terms of the Plan" and that "Mosdos Chofetz Chaim Inc. was authorized to execute a sale of the [P]roperty to Congregation Radin Development Inc. in order to repay all the outstanding secured claims of Mosdos Chofetz Chaim Inc. (Said secured debts are in excess of $24,600,000.00) to TBG Radin or its successors in interest."

6.    Congregation Radin further represented, under Section 1.11(c) of the Sterling Mortgage, that it had the "full power, authority and legal right to execute the [Sterling] Mortgage, and to mortgage, give, grant, bargain, sell, alien, enfeoff, convey, confirm and assign the Property pursuant to the terms of the [Sterling] Mortgage."

7.    For Congregation Radin to have had the "full power, authority and legal right" to execute the Sterling Mortgage and proceed with the Loan, as required under Section 1.11(c) of the Sterling Mortgage, Congregation Radin must have obtained approval from the court and/or the New York State Attorney General for the Sterling Mortgage as set forth under Section 12[1] of the New York Religious Corporation Laws ("RCL") and/or Not-for-Profit Corporation Law ("NPCL") Sections 511 and 511-a.

8.    Congregation Radin further represented, under Section 1.11(c) of the Sterling Mortgage, that the Sterling Mortgage was "executed by authority of its managers and with the requisite consent of the holders of the members, if such consent is required under the provisions of the articles of organization of the Mortgagor [Congregation Radin]."

**First Counterclaim**
**Against Mosdos**
**(Confirmatory Order Under Religious Corporations Law Section 12[9])**

9.    As set forth hereinabove, Mosdos lacks standing to challenge the validity of the Sterling Mortgage under RCL §12[1] or NPCL §§511 or 511-a.

10.    Nevertheless, to the extent Congregation Radin failed to obtain approval for the Sterling Mortgage as required by RCL §12[1] or NPCL §§511 or 511-a, such approvals should be deemed obtained, *nunc pro tunc*, and the Sterling Mortgage should be confirmed as valid under RCL §12[9].

11.    According to its Certificate of Incorporation, filed on June 4, 2019, Congregation Radin was formed to, among other things: (i) "promote the religious, intellectual, moral and social welfare among its congregants, members, students and their families, and to the community at large"; (ii) "provide suitable places of divine worship for its members, and others of the Orthodox Jewish faith"; (iii) "establish, maintain and conduct a 'Yeshiva' or Parochial School and classes for the instruction of those of the Jewish Orthodox faith"; (iv) "establish, construct and maintain a

religious library and museum and other structures to house religious books, records, and historical collections to expand the corporation's religious educational reach"; (v) "acquire, develop, own, and maintain real and personal property for the benefit and purposes of the corporation"; and (vi) "assist and to provide adequate shelter, housing and support for the elderly, infirm, destitute, and others in the community who may be in need" (collectively, the "Organizational Purposes").

12.     The Property was, and continues to be, a religious campus containing a Synagogue, Yeshiva, as well as various housing facilities.

13.     Congregation Radin's purchase of the Property allowed it to, among other things: (i) expand its congregation and promote the religious, intellectual, moral, and social welfare for a larger group of people; (ii) provide additional places for divine worship for its members and others of the Orthodox Jewish faith; (iii) establish additional space for the construction of a religious library, museum, or otherwise provide housing, shelter, and support for its members, the elderly, infirm, destitute, or others in need; and (iv) acquire additional real property.

14.     The Sterling Mortgage was provided in exchange for the Loan Funds so that Congregation Radin could purchase the Property.

15.     The Loan, and all of the Loan Documents' terms and conditions, were provided as part of a fair and reasonable transaction to Congregation Radin at the time the Loan Documents were executed, and the bargain was struck.

16.     The Loan was, and continues to have been, consummated in furtherance of Congregation Radin's Organizational Purposes and in the best interests of Congregation Radin and its members.

17.     The Sterling Mortgage is for a term that exceeds five years.

18.     Accordingly, if Congregation Radin failed to satisfy the statutory obligations under RCL §12[1] or NPCL §§511 or 511-a, this Court should approve the Sterling Mortgage *nunc pro*

*tunc*, as permitted under RCL §12[9], and order the recording of a confirmatory order in the Rockland County Clerk's Office.

19.    Pursuant to NPCL §511, a copy of Sterling's Answer with Counterclaim and Cross-Claims are being served upon the New York State Attorney General.

### First Cross-Claim
### <u>Against Congregation Radin</u>
### (Contractual Indemnification)

20.    Sterling repeats and realleges all prior paragraphs as if fully set forth herein.

21.    Under Section 1.4 of the Sterling Mortgage, Congregation Radin must indemnify and hold harmless Sterling from and against any loss, liability, cost, expense, attorneys' fees, disbursements, claims, actions, procedures, and suits in any way arising out of or in connection with the Loan, including the Sterling Mortgage, Loan Funds, and/or Loan Documents.

22.    Further, without admitting the truth of any of Plaintiffs' allegations, if Plaintiffs' allegations are established and if the Sterling is held liable therefore and/or if the Sterling Mortgage is deemed void, invalid, or reversed, then such liability and/or any and all resulting damages were caused by and/or brought about, in whole or in part, by the affirmative wrongdoing, fraud, fault, negligence, failure, acts and/or omissions of the Congregation Radin, entitling Sterling to contractual indemnification from Congregation Radin for the amount of any judgment which may be recovered against Sterling and any and all damages, costs, disbursements, and attorneys' fees incurred stemming from the Sterling Mortgage being deemed void, invalid, or reversed.

23.    By reason of the foregoing, Sterling is entitled to contractual indemnification in an amount to be determined at trial plus costs, interest, and attorneys' fees.

**Second Cross-Claim**
**Against Mosdos, Chofetz Chaim Inc., TBG Radin LLC, Shem Olam LLC, Congregation**
**Radin, Aryeh Zaks, Beatrice Waldman Zaks, Henoch Zaks, Mendel Zaks,**
**Gittel Zaks Layosh, Samuel Markowitz**
**(Common Law Indemnification)**

24.    Sterling repeats and realleges all prior paragraphs as if fully set forth herein.

25.    Without admitting the truth of any of Plaintiffs' allegations, if Plaintiffs' allegations

are established and if the Sterling is held liable therefore and/or if the Sterling Mortgage is deemed

void, invalid, or reversed, then such liability and/or any and all resulting damages were caused by

and/or brought about, in whole or in part, by the affirmative wrongdoing, fraud, fault, negligence,

failure, acts and/or omissions of co-defendants, Mosdos, Chofetz Chaim Inc., TBG Radin LLC,

Shem Olam LLC, Congregation Radin, Aryeh Zaks, Beatrice Waldman Zaks, Henoch Zaks,

Mendel Zaks, Gittel Zaks Layosh, Samuel Markowitz (the "Co-Defendants"), entitling Sterling to

common law indemnification from Co-Defendants for the amount of any judgment which may be

recovered against Sterling and any and all damages stemming from the Sterling Mortgage being

deemed void, invalid, or reversed.

26.    By reason of the foregoing, Sterling is entitled to common law indemnification in an

amount to be determined at trial plus costs, interest, and attorneys' fees.

**Third Cross-Claim**
**Against Mosdos, Chofetz Chaim Inc., TBG Radin LLC, Shem Olam LLC, Congregation**
**Radin, Aryeh Zaks, Beatrice Waldman Zaks, Henoch Zaks, Mendel Zaks,**
**Gittel Zaks Layosh, Samuel Markowitz**
**(Contribution)**

27.    Sterling repeats and realleges all prior paragraphs as if fully set forth herein.

28.    Without admitting the truth of any of Plaintiffs' allegations, if Plaintiffs' allegations

are established and if Sterling is found liable to Plaintiffs, then, upon information and belief, any

damages were caused by and/or brought about, in whole or in part, by the affirmative wrongdoing,

fraud, fault, negligence, failure, acts and/or omissions of Co-Defendants, there being no conduct

on the part of Sterling contributing thereto, and Sterlling shall be entitled to full contribution from and judgment over and against Co-Defendants, for any verdict or judgment Plaintiffs may recover against Defendant.

29.    By reason of the foregoing, Sterling is entitled to contribution in an amount to be determined at trial, plus costs, interest, and attorneys' fees.

**Fourth Cross-Claim
<u>Against Congregation Radin</u>
(Breach of Contract)**

30.    Sterling repeats and realleges all prior paragraphs as if fully set forth herein.

31.    To the extent Congregation Radin: (i) failed to obtain approval for the Sterling Mortgage as required by RCL §12[1] and/or NPCL §§511 and/or 511-a; (ii) did not have the "full power, authority and legal right" to execute the Sterling Mortgage and obtain the Loan, as required under Section 1.11(c) of the Sterling Mortgage; (iii) did not have the authority of its managers and or the requisite consent of the holders of the members, for the Loan, as required under Section 1.11(c) of the Sterling Mortgage;  and/or (iv) misrepresented any other fact contained in Article I of the Sterling Mortgage, then Congregation Radin is liable for breach of the Sterling Mortgage as provided in Article III, Section 3.1 of the Sterling Mortgage.

32.    Further, if Plaintiffs' allegations concerning the actions of Congregation Radin, including of its members, managers, or agents, concerning the Mosdos Transfer not being completed in accordance with the Plan, the Loan not being authorized, or the Loan Funds being absconded with and not being paid to purchase the Property are true, then Congregation Radin is liable for breach of the Sterling Mortgage.

33.    Sterling has fully performed all its obligations under the Sterling Mortgage.

34.    Sterling has and will suffer monetary damages because of Congregation Radin's breaches, and Congregation Radin is therefore liable to Sterling for breach of the Sterling

Mortgage, in a total sum to be determined at trial, but not less than $15,000,000.00, plus costs, interest, and attorneys' fees.

### Fifth Cross-Claim
### Against Congregation Radin, Aryeh Zaks, Henoch Zaks
### (Fraud)

35.   Sterling repeats and realleges all prior paragraphs as if fully set forth herein.

36.   If Plaintiffs' allegations concerning the actions of Congregation Radin, Aryeh Zaks ("Aryeh"), and/or Henoch Zaks ("Henoch") are true, including concerning the Mosdos Transfer not being completed in accordance with the Plan but instead the product of misrepresentations and "lies," and/or Plaintiffs are correct that the Loan was not authorized, and/or that the Loan Funds were absconded with and were not used to purchase the Property, then Congregation Radin, Aryeh, and Henoch are liable to Sterling for fraud.

37.   As alleged by Plaintiffs, Congregation Radin, Aryeh and/or Henoch masterminded a scheme to abscond with tens of millions of dollars, including the $15,000,000.00 of Loan Funds provided by Sterling.

38.   Among other things, Plaintiffs allege that Aryeh and Henoch fraudulently created and/or used existing illegitimate not-for-profit religious corporations, including Congregation Radin, Shem Olam LLC ("Shem Olam"), and Chofetz Chaim Inc. ("Chofetz Chaim"), as instruments in their scheme.

39.   Plaintiffs allege that Aryeh and/or Henoch deceived defendant TBG Radin LLC ("TBG"), who wished to "donate" or effectively satisfy and release its mortgage of $24,755,00.00 on the Property obtained through Mosdos' bankruptcy proceedings via the Plan (the "TBG Mortgage"), into assigning the TBG Mortgage to defendant Shem Olam, a newly-formed entity of Aryeh and Henoch.

40.    Plaintiffs allege that Aryeh and/or Henoch convinced TBG to assign the TBG Mortgage, rather than filing a satisfaction, by, among other things, representing that Shem Olam was related to Mosdos.

41.    Plaintiffs' allege that Aryeh and/or Henoch used Chofetz Chaim to provide TBG with a donation receipt in exchange for their assignment of the TBG Mortgage to Shem Olam (the "Assigned Shem Olam Mortgage").

42.    Plaintiffs allege that Aryeh and Henoch represented to Mosdos' board and members that the TBG Mortgage had been satisfied or "donated" back to Mosdos.

43.    At the same time, Congregation Radin, by Aryeh and/or Henoch, represented to Sterling that the Assigned Shem Olam Mortgage needed to be paid off as part of Congregation Radin's purchase of the Property.

44.    In reliance on Congregation Radin, Aryeh and/or Henoch's representations, Sterling advanced the Loan to purchase the Property, and to pay off all or a significant part of the Assigned Shem Olam Mortgage.

45.    Congregation Radin, by Aryeh and/or Henoch also represented that the Mosdos Transfer was authorized pursuant to the Plan.

46.    Plaintiffs allege that Aryeh and/or Henoch deceived Congregation Radin's board and members, who Plaintiffs claim did not know about the Loan or Congregation Radin's purchase of the Property.

47.    Plaintiffs allege that Congregation Radin, Aryeh, and Henoch's conduct was undertaken in bad faith and as part of an intentionally and morally blameworthy scheme to wrongfully enrich themselves at the expense of Sterling, as well as others.

48.    As a result of the above described conduct, Sterling has and will suffered monetary damages in a total sum to be determined at trial, but not less than $15,000,000.00, plus costs, interest, and attorneys' fees.

49.    In addition, because Congregation Radin, Aryeh, and/or Henoch's conduct, as alleged by Plaintiffs, was intentional, willful, knowing, malicious, wanton, reckless, fraudulent, and done in bad faith and under such circumstances as to demonstrate conscious indifference to and utter disregard for its effects upon the rights and/or financial interests of Sterling, punitive damages should be awarded against them in a sum to be determined at trial.

## Sixth Cross-Claim
### Against Congregation Radin, Aryeh Zaks, Henoch Zaks
### (Money Had and Received)

50.    Sterling repeats and realleges all prior paragraphs as if fully set forth herein.

51.    As alleged hereinabove, Plaintiffs allege that Congregation Radin, Aryeh, and Henoch received and benefitted from $15,000,000.00 of Loan Funds, that were advanced by Sterling for Congregation Radin to purchase the Property, but which were taken by said defendants instead.

52.    Under principles of equity and good conscience, assuming Plaintiffs allegations are true, Congregation Radin, Aryeh, and/or Henoch should not be permitted to retain the Loan Funds.

53.    Congregation Radin, Aryeh, and/or Henoch are thus liable for money had and received.

54.    By reason and as a direct result of such money had and received, the Sterling has been injured in an amount to be determined at trial, but not less than $15,000,000.00, plus costs, interest, and attorneys' fees for which sum Congregation Radin, Aryeh, and/or Henoch are liable to Sterling.

### Seventh Cross-Claim
### Against Congregation Radin, Aryeh Zaks, Henoch Zaks
### (Unjust Enrichment)

55.   Sterling repeats and realleges all prior paragraphs as if fully set forth herein.

56.   As alleged hereinabove, Plaintiffs allege that Congregation Radin, Aryeh, and/or Henoch diverted and retained $15,000,000.00 of Loan Funds belonging to Sterling, and which were, under the Loan Documents, to be paid towards the Assigned Shem Olam Mortgage as part of the Mosdos Transfer and Loan.

57.   Congregation Radin, Aryeh, and/or Henoch have no right and no claim to the Loan Funds.

58.   Congregation Radin, Aryeh, and/or Henoch have not returned any portion of these monies, and thus have been enriched at Sterling's expense.

59.   It would be against equity and good conscience to permit Congregation Radin, Aryeh, and/or Henoch to keep monies to which they are not entitled, and which ought to be returned to Sterling.

60.   By reason of the foregoing, Congregation Radin, Aryeh, and/or Henoch are liable to Sterling in an amount to be determined at trial, but not less than $15,000,000.00, plus costs, interest, and attorneys' fees.

### Prayer for relief

**WHEREFORE**, Sterling requests judgment as follows:

a.   Dismissing the Complaint in its entirety.

b.   On the First Counterclaim confirming the Sterling Mortgage *nunc pro tunc* and ordering the recording of a confirmatory order in the Rockland County Clerk's Office in accordance with RCL §12[9];

c.   On the First Cross-Claim for contractual indemnification against Congregation Radin in an amount to be determined at trial plus costs, interest and attorneys' fees;

d.  On the Second Cross-Claim for common law indemnification against Mosdos, Chofetz Chaim, TBG, Shem Olam, Congregation Radin, Aryeh, Beatrice Waldman Zaks, Henoch, Mendel Zaks, Gittel Zaks Layosh, Samuel Markowitz in an amount to be determined at trial plus costs, interest and attorneys' fees;

e.  On the Third Cross-Claim for contribution against Mosdos, Chofetz Chaim, TBG, Shem Olam, Congregation Radin, Aryeh, Beatrice Waldman Zaks, Henoch, Mendel Zaks, Gittel Zaks Layosh, Samuel Markowitz in an amount to be determined at trial plus costs, interest and attorneys' fees;

f.  On the Fourth Cross-Claim for breach of contract against Congregation Radin in an amount to be determined at trial, but not less than $15,000,000.00, plus costs, interest and attorneys' fees;

g.  On the Fifth Cross-Claim for fraud Congregation Radin, Aryeh, and Henoch in an amount to be determined at trial, but not less than $15,000,000.00, plus punitive damages, costs, interest and attorneys' fees;

h.  On the Sixth Cross-Claim for money had and received against Congregation Radin, Aryeh, and Henoch in an amount to be determined at trial, but not less than $15,000,000.00, plus costs, interest and attorneys' fees;

i.  Such other and further relief to Sterling as the court deems just and proper, including Sterling's costs, expenses, and attorneys' fees incurred in this action.

Dated: New York, New York
July 15, 2020

SCHWARTZ SLADKUS REICH
GREENBERG ATLAS LLP
*Attorneys for Sterling National Bank*

By:  **/s/Milad Boddoohi**
        Ethan A. Kobre
        Milad Boddoohi
444 Madison Avenue
New York, New York 10022
(212) 743-7000

## **<u>Verification</u>**

Milad Boddoohi, an attorney admitted to practice in the courts of the State of New York, affirms:

I am an associate with Schwartz Sladkus Reich Greenberg Atlas LLP, counsel for Sterling National Bank in the within action. I have read the foregoing answer and know the contents thereof, and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and, as to those matters, I believe them to be true. This verification is being made by me and not by Sterling because Sterling's principal place of business is outside the county in which my law firm maintains its office.

Dated: New York, New York
      July 15, 2020

                                    **/s/Milad Boddoohi**
                                     Milad Boddoohi