UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                          Chapter 11

Mosdos Chofetz Chaim, Inc.                                      Case No. 12-23616-RDD

        Reorganized Debtor.
------------------------------------------------------------x

### DECLARATION OF MAYER ZAKS IN SUPPORT OF THE MOTION BY CRDI FOR CONTEMPT AGAINST RABBI MAYER ZAKS

Mayer Zaks certifies under penalties of perjury, pursuant to 28 U.S.C. §1746, as follows:

### Preliminary Statement

1. I am the brother of Henoch Zaks, the manager of the property located at 50 Grandview Avenue, a/k/a 1-60 Kiryas Radin Drive, New Hempstead, New York 10977 in the Town of Ramapo (the "CRDI Property") and a son of Rabbi Aryeh Zaks, the Rabbi and President of Chofetz Chaim Inc. ("CCI"), the lessee of the main building on the CRDI Property.

2. I respectfully submit this Declaration in support of the motion for Contempt and other relief against Rabbi Mayer Zaks by CRDI regarding the illegal construction of a paved walkway on the CRDI Property.

3. I affirm rather than swear due to my strictly held religious faith that prohibits me from swearing.

4. As my brother was busy with his wedding preparations during the week of November 18, 2020 (his wedding was on the 23rd), I stepped in to assist him with some of the day-to-day operations on the CRDI Property. As a result, I have firsthand knowledge of the facts stated herein.

5.  On or about late 2015, my brother (Rabbi Abraham G. Zaks) was asked by my father to finalize the "*mikvah*" area in the basement of the main building.

6.  As stated by my brother in his accompanying declaration, after finalizing the design and speaking with Mr. Philipson, that patron who was going to graciously finance the *mikvah* project, Mr. Philipson undertook to give the needed funds for the *mikvah* directly to my brother, Rabbi Abraham G Zaks (who was concerned that the funds would be used by my uncle Rabbi Mayer Zaks if not given to my brother directly).

7.  Subsequently Rabbi Mayer Zaks learned that Mr. Philipson was giving the funds for the project to my brother directly, and he began pressuring Mr. Philipson to give the funds to him (Rabbi Mayer Zaks) and represented that he would make sure the project was paid for.

8.  Mr. Philipson succumbed to the pressure and gave a substantial sum of money to Rabbi Mayer Zaks that was to be used to pay for the *mikvah* construction. The majority of those funds were used by Rabbi Mayer Zaks, but not for the *mikvah* as planned. In late 2016, the contractor stopped work after he was owed approximately $5,000.00. and was not getting paid.

9.  As also related by my brother in his accompanying Declaration, in 2020, after the purchase of the CRDI Property by CRDI, Rabbi Aryeh Derdick together with Rabbi Shlomo Taback approached my brother and asked permission to restart the project. Permission was granted and, insofar as I am aware, the project was fully completed several weeks ago and the Mikvah was put into service.

10. After the project was completed, Rabbi Abraham Gershon Zaks asked CRDI if a paved walkway could be installed on the site because it would be beneficial if a more modest pathway was added behind the homes on the site to allow women using the Mikvah access without

walking in the center of the site where they would be seen going to the *mikvah*. This entailed creating a path of several hundred feet. After discussions with my brother, it was decided that a crushed stone walkway (which would not require a new site plan or permitting) would be installed along the back of the homes and put in to use. That was completed and useable around the first or second week in November.

11. On or about November 19, 2020, I was informed that a paving company had begun paving the walkway without authorization and I immediately went over to the site to inform the paving company to stop as that was not authorized by the CRDI Property owner and, in any event, was not allowed absent municipal permits.

12. I called Ramapo Police to tell the paving company to leave and report that this work was being done without authorization of the property owner. Shimon Zaks and Nachum Z Brody came running over to intervene. Shimon Zaks informed the officer that my brother Henoch who is the manager of the site and myself (while assisting him in management), have no rights to act on this matter, his father Mayer Zaks authorized the work to be done, and that there was litigation involving the CRDI Property. The Police, based upon that representation, stated that they could not get involved and left.

13. We then informed the attorneys for CRDI that the work was being done under the direction of Rabbi Mayer Zaks and that they should communicate with his attorneys to have him stop immediately. Ultimately this did not bear fruit and the paving was completed against the wishes of the CRDI Property owner and in violation of applicable municipal regulations.

14. After the work was done, Town Code enforcement inspected the site and issued violations. On December 4, 2020, the Town posted a Violation Notice on the site that requires the

3

violation to be cured within ten days. This only way this can be done is by removing the blacktop immediately.

Affirmed this __10th__ Day of December 2020

                                                                                           */s/ Mayer Zaks*
                                                                                           Mayer Zaks