Hearing Date and Time: January 7, 2020 at 10:00 a.m.
Objection Deadline: December 31, 2020 at 4:00 p.m.

Melanie L. Cyganowski, Esq.
Stanley L. Lane, Jr., Esq.
Michael R. Maizel, Esq.
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
Telephone:   (212) 661-9100
Facsimile:   (212) 682-6104

*Counsel to Rabbi Mayer Zaks*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re:

MOSDOS CHOFETZ CHAIM, INC.

        Post-Confirmation Debtor

---------------------------------------------------------------- x

MOSDOS CHOFETZ CHAIM INC., RABBI MAYER ZAKS, derivatively on behalf of MOSDOS CHOFETZ CHAIM INC., SIMA WEINTRAUB, derivatively on behalf of MOSDOS CHOFETZ CHAIM INC., DANIEL ROSENBLUM, derivatively on behalf of MOSDOS CHOFETZ CHAIM INC., JOSEPH GRUNWALD, derivatively on behalf of MOSDOS CHOFETZ CHAIM INC. and YISROEL HOCHMAN, derivatively on behalf of MOSDOS CHOFETZ CHAIM INC.,

        Plaintiffs,

-against-

MOSDOS CHOFETZ CHAIM INC., CHOFETZ CHAIM INC., TBG RADIN LLC, SHEM OLAM LLC, CONGREGATION RADIN DEVELOPMENT INC., ARYEH ZAKS, BEATRICE WALDMAN ZAKS, HENOCH ZAKS, MENDEL ZAKS, GITTEL ZAKS LAYOSH, SAMUEL MARKOWITZ and STERLING NATIONAL BANK,

        Defendants.

---------------------------------------------------------------- x

Chapter 11

Case No. 12-23616-rdd

Adv. Pro. No. 20-08949-rdd

**MOTION OF OTTERBOURG P.C. TO WITHDRAW AS COUNSEL TO
RABBI MAYER ZAKS PURSUANT TO LOCAL RULE 2090-1(E)**

Otterbourg P.C. ("Otterbourg"), attorneys of record for Rabbi Mayer Zaks ("Rabbi Mayer") in the above-captioned adversary proceeding, respectfully submits this Motion for entry of an order, substantially in the form annexed hereto as Exhibit A, granting leave for Otterbourg to withdraw as counsel to Rabbi Rabbi Mayer. In support of the Motion, Otterbourg states as follows.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are § 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2090-1(e) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and 22 NYCRR Part 1200 (Rule 1.16(c)).

### BACKGROUND

3. A description of the general background is set forth in the Declaration of Melanie L. Cyganowski (the "Cyganowski Declaration") in support of this Motion, which is annexed to this Motion as Exhibit B, and is incorporated herein by reference.

### RELIEF REQUESTED

4. By this Motion, Otterbourg seeks leave to withdraw as counsel to Rabbi Mayer effective immediately. A proposed form of order granting this relief is attached hereto as Exhibit A.

5.  As set forth below and in the Cyganowski Declaration, Rabbi Mayer has failed to timely pay his legal fees and expenses for services rendered, which has resulted in irreconcilable differences between Rabbi Mayer and Otterbourg. Otterbourg respectfully submits that this constitutes cause for Otterbourg to withdraw as counsel, and that withdrawal will not prejudice Rabbi Mayer because he already has separate counsel in place.

**BASIS FOR RELIEF**

6.  Local Rule 2090-1(e) provides that an attorney of record may withdraw only "by Order of the Court for cause shown." Whether cause exists is subject to the Court's discretion, but requires consideration of (i) the reasons for withdrawal and (ii) the impact of the withdrawal on the timing of the proceeding. *Star Funding, Inc. v. Vault Minerals, LLC*, Case No. 15-CV-03026 (GBD)(SN), 2017 WL 7790610, at *1 (S.D.N.Y. Aug. 31, 2017).

7.  Whether an attorney has stated a sufficient reason for withdrawal is guided by the New York Rules of Professional Conduct (the "NYRPC"), which governs the conduct of attorneys in federal courts in New York. *See SEC v. Gibraltar Global Securities*, No. 13 Civ. 2575 (GBD)(JCF), 2015 WL 2258173, at *2 (S.D.N.Y. Nay 8, 2015); *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999).

8.  Relevant here, Rule 1.16 of the NYRPC permits withdrawal based on a client's deliberate failure to pay fees. N.Y. Prof. Conduct Rule 1.16(c)(5) ("[A] lawyer may withdraw from representing a client when . . . the client deliberately disregards an agreement or obligation to the lawyer as to fees or expenses."). It also permits withdrawal in the event of an irreconcilable difference between attorney and client. *See* N.Y. Prof. Conduct Rule 1.16(c)(4) (permitting withdrawal where "the client insists upon taking action with which the lawyer has a fundamental disagreement"); Rule 1.16(c)(7) (permitting withdrawal where "the client fails to cooperate in the

3

representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively").

9. In view of these provisions within Rule 1.16, courts have recognized that the non-payment of fees may constitute sufficient grounds for withdrawal where it is combined with a client's failure to cooperate, or where the client has rendered it unreasonably difficult for the attorney to carry out its responsibilities. *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006); *United States v. Lawrence Aviation Indus.*, No. CV-06-4818(JFB)(ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011).

10. Unfortunately, that very situation has unfolded here. To date, Otterbourg has not been paid for the majority of fees and expenses incurred in its representation of Rabbi Mayer in these proceedings. As the Court is well aware, this has entailed considerable motion practice and extensive discovery in anticipation of an upcoming evidentiary hearing, all of which has been heavily contested. And additional motions continue to be filed. Yet, Otterbourg has not received any payment for its services since June 6, 2020, and the fees outstanding are substantial.

11. While Otterbourg has zealously represented Rabbi Mayer in these efforts to date, its ability to continue to do so is compromised by the non-payment of fees and expenses. Otterbourg and Rabbi Mayer have come to hold increasingly divergent views over the appropriate strategy to employ going forward and the resources that must be devoted to any further efforts. Otterbourg believes that it cannot adequately represent Rabbi Mayer's interests under the present circumstances.

12. In this way, the non-payment of fees has seriously impaired Otterbourg's ability to effectively carry out its employment, justifying Otterbourg's withdrawal.

4

13. Moreover, withdrawal will not prejudice Rabbi Mayer's interests. In addition to an attorney's reasons for withdrawal, the court must also consider whether and to what extent withdrawal would disrupt the proceedings. *Whiting*, 187 F.3d at 320. A request to withdraw will be denied only where "the client's rights will be prejudiced by the delay necessitated in obtaining replacement counsel or because the court's trial calendar will be adversely affected." *Welch v. Niagara Falls Gazette*, No. 98-CV-0685E(M), 200 WL 173747, at *3 (W.D.N.Y. Nov. 17, 2000). There will be no prejudice here, however, as Rabbi Mayer already has additional counsel in related matters before this and other courts. Otterbourg submits that Rabbi Mayer's other counsel will prevent any meaningful disruption.

WHEREFORE, Otterbourg respectfully requests that the Court enter an order permitting it to withdraw as counsel to Rabbi Mayer effective immediately, and granting such other and further relief as is just and proper.

Dated: New York, New York
December 17, 2020

OTTERBOURG P.C.

By: /s/ *Melanie L. Cyganowski*

Melanie L. Cyganowski, Esq.
Stanley L. Lane, Jr., Esq.
Michael R. Maizel, Esq.
230 Park Avenue
New York, NY 10169
Telephone:    (212) 661-9100
Facsimile:    (212) 682-6104

*Counsel to Rabbi Mayer Zaks*