# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------- x
In re:

MOSDOS CHOFETZ CHAIM, INC.

                 Post-Confirmation Debtor

---------------------------------------------------------------------------- x

MOSDOS CHOFETZ CHAIM INC., RABBI MAYER ZAKS, derivatively on behalf of MOSDOS CHOFETZ CHAIM INC., SIMA WEINTRAUB, derivatively on behalf of MOSDOS CHOFETZ CHAIM INC., DANIEL ROSENBLUM, derivatively on behalf of MOSDOS CHOFETZ CHAIM INC., JOSEPH GRUNWALD, derivatively on behalf of MOSDOS CHOFETZ CHAIM INC. and YISROEL HOCHMAN, derivatively on behalf of MOSDOS CHOFETZ CHAIM INC.,

                 Plaintiffs,

                 -against-

MOSDOS CHOFETZ CHAIM INC., CHOFETZ CHAIM INC., TBG RADIN LLC, SHEM OLAM LLC, CONGREGATION RADIN DEVELOPMENT INC., ARYEH ZAKS, BEATRICE WALDMAN ZAKS, HENOCH ZAKS, MENDEL ZAKS, GITTEL ZAKS LAYOSH, SAMUEL MARKOWITZ and STERLING NATIONAL BANK,

                 Defendants.

---------------------------------------------------------------------------- x

Chapter 11

Case No. 12-23616-rdd

Adv. Pro. No. 20-08949-rdd

**DECLARATION OF MELANIE L. CYGANOWSKI IN SUPPORT OF**
**MOTION OF OTTERBOURG P.C. TO WITHDRAW AS COUNSEL TO**
**RABBI MAYER ZAKS PURSUANT TO LOCAL RULE 2090-1(E)**

    Pursuant to 28 U.S.C. § 1746, Melanie L. Cyganowski declares, under penalty of perjury, as follows:

    1.    I am a member of the firm of Otterbourg P.C., ("Otterbourg"), counsel of record for Rabbi Mayer Zaks ("Rabbi Mayer") in the above-captioned adversary proceeding. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

1

2.I submit this Declaration in support of the *Motion of Otterbourg P.C. to Withdraw as Counsel to Rabbi Mayer Zaks Pursuant to Local Rule 2090-1(e)* (the "Motion").

3.I am familiar with the contents of the Motion and the factual representations contained therein, and believe them to be true and correct.

**General Background**

4.On September 6, 2012, reorganized debtor Mosdos Chofetz Chaim Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5.On October 2, 2019, the Court entered an Order (the "Confirmation Order") confirming the Debtor's *Second Amended Plan of Reorganization of Mosdos Chofetz Chaim, Inc.* ECF No. 308.

6.On December 5, 2019, Rabbi Mayer, though his attorneys Kirby Aisner & Curley LLP, filed a motion (the "Contempt Motion")[1] that, among other things, seeks entry of an order holding Rabbi Mayer's brother, Rabbi Aryeh Zaks ("Rabbi Aryeh"), in contempt for willful violation of the Confirmation Order. ECF No. 319. The Contempt Motion is still pending before this Court.

7.There are also two related adversary proceedings pending before the Court. First, on March 30, 2020, Rabbi Mayer, again through his attorneys Kirby Aisner & Curley LLP, commenced the adversary proceeding captioned *Mayer Zaks v. Mosdos Chofetz Chaim, Inc., et al.*, Adv. Pro. No. 20-06007-rdd, which seeks revocation of the Confirmation Order (the

---

[1] The Contempt Motion refers to the *Emergency Motion of Rabbi Mayer Zaks for Entry of an Order (I) Holding Rabbi Aryeh Zaks in Contempt for Willful Violation of the Confirmation Order, (II) A Preliminary Injunction Barring Rabbi Aryeh Zaks from Taking Any Action With Respect to the Property and the Debtor's Assets, (III) A Temporary Restraining Order Freezing the Bank Accounts Controlled By and/or on Behalf of Rabbi Aryeh Zaks and Henoch Zaks, (IV) Reversing the Fraudulent Conveyances and Transfers, (V) Related Relief, and (VI) Scheduling an Emergency Hearing to Consider the Relief Requested*. ECF No. 319.

2

"Revocation Action"). Second, on February 11, 2020, Mosdos Chofetz Chaim, as defendant, removed an action from state court captioned *Mosdos Chofetz Chaim, Inc. et al. v. Mosdos Chofetz Chaim, Inc. et al.*, Adv. Pro. No. 20-08949-rdd. This removed action (the "Removal Action"), originally filed by Twersky PLLC on behalf of plaintiffs Mosdos Chofetz Chaim, Inc. and Rabbi Mayer Zaks derivatively on behalf of Mosdos, among others, seeks a declaratory judgment to quiet title to the Debtor's real property allegedly transferred in connection with the Confirmation Order, among other related relief.

8. Apart from the Removal Action, Rabbi Mayer is a party to multiple state court actions regarding factually related matters, in which he has separate counsel.

9. By Order dated March 26, 2020, the Court consolidated the Contempt Motion and Removal Action and scheduled an evidentiary hearing (the "Evidentiary Hearing") on certain factual issues related to both. *See* Ev. Hearing Order, ECF No. 17, Adv. Pro. No. 20-08949. The Evidentiary Hearing was originally scheduled for September 4, 2020.

10. On September 2, 2020, Mosdos Chofetz Chaim and Rabbi Aryeh, as defendants in the Removal Action, filed a motion for in limine relief (the "In Limine Motion"), in which they allege that Rabbi Mayer participated in spoliation of evidence related to the Evidentiary Hearing. The Court accordingly adjourned the Evidentiary Hearing and scheduled a hearing on the In Limine Motion for October 16, 2020. The combined hearing has been further adjourned to January 14, 2020.

11. Most recently, on December 11, 2020, Congregation Radin Development, Inc. filed an *Emergency Motion of Congregation Radin Development, Inc. for Entry of an Order (i) Holding Rabbi Mayer Zaks in Contempt for Willful Violation of the Court's March 26, 2020 Order, (ii)*

3

*Awarding Damages, and (iii) Enjoining Further Violations* ("CRDI Contempt Motion"). ECF No. 65, Adv. Pro. No. 20-08949.

**Otterbourg's Involvement and Basis for Withdrawal**

12. Otterbourg was retained by Rabbi Mayer in or around February of 2020, and is Rabbi Mayer's counsel of record in the Removal Action.

13. In connection with the Removal Action, Evidentiary Hearing, and hearing on the Motion in Limine, Otterbourg has drafted several pleadings, participated in extensive discovery, and appeared on behalf of Rabbi Mayer at multiple scheduled hearings.

14. Otterbourg has accrued considerable fees and expenses in connection with the above matters, which have been—and, given recent developments, will likely continue to be—heavily contested and time intensive. However, to date, Rabbi Mayer has failed to pay for a majority of the fees and expenses incurred, despite agreement to do so and multiple requests from counsel. As Rabbi Mayer alluded to at the hearing before this Court on September 4, 2020, the fees outstanding were substantial. *See* Sept. 4, 2020 Tr., 32:16-18. This continues to be true, as Otterbourg has not received any payment for its services since June 6, 2020.

15. I believe that this lack of payment for Otterbourg's services has resulted in irreconcilable differences between Otterbourg and Rabbi Mayer. Specifically, Otterbourg and Rabbi Mayer have come to hold increasingly divergent views over the appropriate strategy to employ going forward and the resources that must be devoted to any further efforts.

16. While Otterbourg has zealously represented Rabbi Mayer in these efforts to date, I believe that Otterbourg's ability to continue to do so is compromised by the non-payment of fees and expenses, and that Otterbourg cannot adequately represent Rabbi Mayer's interests under the present circumstances.

17. Moreover, I believe that Rabbi Mayer will not be prejudiced by Otterbourg's withdrawal from these matters. To the contrary, Rabbi Mayer already has additional counsel that are well-suited to continue working on Rabbi Mayer's behalf should Otterbourg withdraw. In light of these firms' ongoing involvement, I have no reason to believe that Rabbi Mayer will be impaired by Otterbourg's withdrawal.

18. Rabbi Mayer has been informed of the contents of this Motion, and I have personally discussed the same with him.

19. Based on the foregoing, it is respectfully requested that the Motion be granted permitting Otterbourg to withdraw as counsel effective immediately.

Dated: New York, New York
December 17, 2020

                                                  */s/ Melanie L. Cyganowski*
                                                Melanie L. Cyganowski, Esq.