**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------X

In re:                                                                                   : Chapter 11

**MOSDOS CHOFETZ CHAIM INC.,**                           Case No. 12-23616(rdd)
                                                                                          : Post-Confirmation

------------------------------------------------X

**MOSDOS CHOFETZ CHAIM INC., RABBI MAYER ZAKS,**    :
**derivatively on behalf of MOSDOS CHOFETZ CHAIM INC.,**      Adv. Pro. No. 20-08949-rdd
**SIMA WEINTRAUB, derivatively on behalf of MOSDOS**          :
**CHOFETZ CHAIM INC., DANIEL ROSENBLUM,**
**derivatively on behalf of MOSDOS CHOFETZ CHAIM INC.,**      :
**JOSEPH GRUNWALD, derivatively on behalf of MOSDOS**
**CHOFETZ CHAIM INC., and YISROEL HOCHMAN,**
**derivatively on behalf of MOSDOS CHOFETZ CHAIM INC.,**      :

                                               **Plaintiffs,**            :

                          - against-                                            :

**MOSDOS CHOFETZ CHAIM INC., CHOFETZ CHAIM**         :
**INC., TBG RADIN LLC, SHEM OLAM LLC.,**
**CONGREGATION RADIN DEVELOPMENT INC., ARYEH**    :
**ZAKS, BEATRICE WALDMAN ZAKS, HENOCH ZAKS,**
**MENDEL ZAKS, GITTEL ZAKS LAYOSH, SAMUEL**              :
**MARKOWITZ and STERLING NATIONAL BANK,**
                                                                                          :
                                               **Defendants.**
------------------------------------------------X

**ORDER PARTIALLY GRANTING MOTION OF DEFENDANTS**
**MOSDOS CHOFETZ CHAIM AND RABBI ARYEH ZAKS FOR**
***IN LIMINE* RELIEF AND PRECLUDING SUBMISSION OF**
<u>**CERTAIN EVIDENCE BY PLAINTIFFS**</u>

Defendants Mosdos Chofetz Chaim, Inc, ("Mosdos") and Rabbi Aryeh Zaks (collectively, "Movants") having moved this Court on September 2, 2020, for an Order *in limine* seeking various forms of relief, including sanctions for spoliation of evidence [the "Joint Motion"]; and the Court having considered the Joint Motion [DE-52], the September 1, 2020 Declaration of Henoch Zaks [DE-52-1], the September 1, 2020 Certification of Michael Levine, Esq. [DE-52-2], the exhibits attached to the Joint Motion [DE-52-3 through DE-52-25], the September 3, 2020 Opposition of

1

Rabbi Mayer Zaks [DE-53], the exhibits attached to the Opposition [DE-53-1 through DE-53-3] (including the August 30, 2020 Declaration of David Gewirtzman [DE-53-3] and the September 3, 2020 Declaration of Yehuda Zaks [DE-53-3]), the September 3, 2020 Joint Reply of the Movants [DE-55], the September 3, 2020 Supplemental Declaration of A. Yehuda Zaks [DE-56]; and the Court having conducted an initial hearing on the Joint Motion on September 4, 2020, made rulings on certain aspects of the same, and concluded that discovery limited to the issues regarding alleged spoliation of evidence raised in the Joint Motion and the Opposition thereto was required in order for the Court to properly determine the Joint Motion in its entirety; and the parties having thereafter engaged in such discovery; and the Court having thereafter considered the November 18, 2020 Supplemental Opposition of Rabbi Mayer Zaks [DE-64] (including the October 15, 2020 Declaration of Yoseph Tzvi Zaks [DE-64-1]), the September 9, 2020 Affirmation of Ronald Henig [DE-84-1], and the January 11, 2021 Supplemental Declaration of Ron Henig [DE-86-1]; and the Court having further considered the transcripts and video recordings of the following depositions: (i) the September 30, 2020 deposition of Henoch Zaks, (ii) the October 13, 2020 and October 15, 2020 deposition of Yoseph Tzvi Zaks, (iii) the October 14, 2020 deposition of Aron Zehuda Zaks, and (iv) the October 14, 2020 deposition of Aharon Gewirtzman; and the Court having considered the memos of law submitted by the parties and having conducted oral argument on the Joint Motion on January 14, 2021; and the Court having considered the evidence, testimony and oral arguments of counsel and duly deliberated on the same and having announced its decision on the Joint Motion and made certain findings of fact and conclusions of law on January 21, 2021, as reflected on the

transcript of that date;[1] and the Court having determined that no further notice to any person or entity is required, it is hereby

**ORDERED AND DETERMINED** that the Court has core jurisdiction pursuant to 28 U.S.C. §§ 157(a)-(b) and 1134(b) and the Debtor's confirmed chapter 11 plan and the Court's order confirming the plan to determine all matters relating to the Motion; and it is further

**ORDERED** that the findings of fact, credibility determinations and applicable law, as enunciated by the Court in its bench ruling, are hereby deemed incorporated in this Order; and it is further

**ORDERED** that, for the reasons and findings set forth on the record including that acts of spoliation attributable to Plaintiff Rabbi Mayer Zaks that resulted in the destruction of relevant evidence and were engaged in with a culpable state of mind and intentionally in bad faith, the Movants have established by a preponderance of the evidence all of the necessary elements of spoliation of evidence on the part of Plaintiff Rabbi Mayer Zaks, and the Joint Motion is consequently granted to the following extent:

(1) Plaintiffs are precluded from offering any evidence on the first of the Contested Issues, as defined in the Court's March 26, 2020 Order, to be determined at a hearing to be hereafter conducted (the "Evidentiary Hearing"), namely, whether the corporate governance of the Reorganized Debtor and the identity of its board on the plan's confirmation date were in compliance with the plan and the confirmation order; provided, however, that Plaintiffs may cross-examine whatever witnesses the Defendants wish to put on at the Evidentiary Hearing;

---

[1] The Court intends promptly to file a modified bench ruling that will correct certain typographical and grammatical errors in the January 21, 2021 transcript; however, such modified ruling will not change the Court's underlying findings and conclusions or the determinations set forth in the Court's ruling as memorialized by this Order.

(2) The identity of the Reorganized Debtor's board on the post-confirmation date transfer of the Mosdos Property is no longer relevant because the parties agree that the board, as alleged by Defendants, would have been the same on the confirmation date of the plan and the date of such transfer; and

(3) Plaintiffs are precluded from offering any evidence related to board meetings, corporate governance, board action, board composition and authority to act with respect to the second Contested Issue to be tried at the Evidentiary Hearing, namely, the actions of the Debtor and its counsel in seeking confirmation of the plan specifically as to what was sought regarding the transfer of the Mosdos Property as contemplated by the plan with regard to complying with any additional approval under applicable New York law besides this Court's approval of confirmation of the plan;

and it is further

**ORDERED** that any other aspect of the Joint Motion not specifically addressed above, or otherwise determined during the initial hearing on September 4, 2020, is denied, including the Joint Motion's request for dismissal of the Adversary Proceeding or the drawing of any adverse inference in favor of Defendants; and it is further

**ORDERED**, that the Court shall retain exclusive jurisdiction to resolve all matters relating to, or arising in connection with, the interpretation and/or implementation of this Order.

Dated: White Plains, New York
       January 27, 2021

*/s/Robert D. Drain*
**HONORABLE ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY JUDGE**