**AVROM R. VANN, ESQUIRE**
AVROM R. VANN, P.C.
1211 Avenue of the Americas - 40th Floor
New York, New York 10036
Telephone: (212) 382-1700
Email: a2442@aol.com
Attorney for Plaintiff, Mosdos Chofetz Chaim Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

| | |
|---|---|
| In Re: | Chapter 11 |
| | |
| MOSDOS CHOFETZ CHAIM INC. | Case No. 12-2361-rdd |
| | Post Confirmation |

_____X
**MOSDOS CHOFETZ CHAIM INC., RABBI MAYER ZAKS,**
**derivatively on behalf of MOSDOS CHOFETZ CHAIM INC.,**
**SIMA WEINTRAUB, derivatively on behalf of MOSDOS**      **Adv. Pro. No. 20-08949-rdd**
**CHOFETZ CHAIM INC., DANIEL ROSENBLUM,**
**derivatively on behalf of MOSDOS CHOFETZ CHAIM INC.,**
**JOSEPH GRUNWALD, derivatively on behalf of MOSDOS**
**CHOFETZ CHAIM INC., and YISROEL HOCHMAN,**
**derivatively on behalf of MOSDOS CHOFETZ CHAIM INC.,**

                              **Plaintiffs,**

              **-against-**

**MOSDOS CHOFETZ CHAIM INC., CHOFETZ CHAIM**
**INC., TBG RADIN LLC, SHEM OLAM LLC.,**
**CONGREGATION RADIN DEVELOPMENT INC.,**
**ARYEH ZAKS, BEATRICE WALDMAN ZAKS,**
**HENOCH ZAKS,  MENDEL ZAKS, GITTEL ZAKS**
**LAYOSH, SAMUEL MARKOWITZ and STERLING**
**NATIONAL BANK,**

                              **Defendants.**
_____X

MOTION OF PLAINTIFF, MOSDOS CHOFETZ CHAIM INC.,
FOR RECONSIDERATION, REARGUMENT AND/OR RELIEF
FROM ORDER

## Introductory Statement

Plaintiff, MOSDOS CHOFETZ CHAIM INC. ("Mosdos")[1] moves this Court pursuant to FRCP 52, 59 and 60 and Bankruptcy Rules 7052, 9023 and 9024 for reconsideration, reargument and/or relief from the Order of this Court Partially Granting Motion of Defendants MOSDOS CHOFETZ CHAIM and Rabbi Aryeh Zaks for In Limine Relief and Precluding Submission of Certain Evidence by Plaintiffs (hereinafter the "Order") dated January 27, 2021 (DE 101). Specifically, Mosdos submits that the Defendants' Motion In Limine (hereinafter the "Motion") (DE 52) did not seek any relief against Mosdos, that the Motion sought relief *in limine* solely to prohibit Rabbi Mayer Zaks from presenting any evidence regarding the configuration of the Board of Trustees of Mosdos and certain other relief to be hereinafter discussed in greater detail, but did not seek any affirmative relief against Mosdos.

Mosdos submits that in entering the Order precluding Mosdos from offering any evidence on specified issues, and in ordering that this Court retains exclusive jurisdiction to resolve all matters relating to, or arising in connection with, the interpretation and/or implementation of the Order, Mosdos was denied due process and accordingly is entitled to the relief sought by it in this Motion. Mosdos further submits that in conducting proceedings on the Motion, which ultimately resulted in the Court precluding Mosdos from offering evidence at the trial of this Adversary Proceeding, at a time when Mosdos was not represented by counsel, was a manifest error.

## Relief Requested

The Order should be amended and modified in each of the following respects:

1.    The third Decretal paragraph should be amended to read in its entirety as follows:

**ORDERED** that, for the reasons and findings set forth on the record

including that acts of spoliation attributable to Plaintiff Rabbi Mayer Zaks

that resulted in the destruction of relevant evidence and were engaged in

---

[1]   The defined term "Mosdos" refers solely to Mosdos Chofetz Chaim Inc. in its capacity as a Plaintiff in this Adversary Proceeding.

1

with a culpable state of mind and intentionally in bad faith, the  Movants
have established by a preponderance of the evidence all of the necessary
elements of spoliation of evidence on the part of Plaintiff Rabbi Mayer
Zaks, and the Joint Motion is  consequently granted to the following
extent:

(1)    Rabbi Mayer Zaks is precluded from offering any evidence on the
       first of the Contested Issues,  as defined in the Court's March 26,
       2020 Order, to be determined at a hearing to be hereafter
       conducted (the "Evidentiary Hearing"), namely, whether the
       corporate governance of the Reorganized Debtor and the identity of
       its board on the plan's  confirmation date were in compliance with
       the plan and the confirmation order;  provided, however, that
       Rabbi Mayer Zaks  may  cross-examine whatever witnesses the
       Defendants wish to put on at the Evidentiary Hearing;

(2)    The identity of the Reorganized Debtor's board on the
       post-confirmation date transfer of the Mosdos Property is no longer
       relevant because the parties agree that the board, as alleged by
       Defendants, would have been the same on the confirmation date of
       the plan and the date of such transfer; and

(3)    Rabbi Mayer Zaks is precluded from offering any evidence related to
       board meetings, corporate governance, board action, board composition
       and authority to act with respect to the  second Contested Issue to be tried
       at the Evidentiary Hearing, namely, the actions of  the Debtor and its
       counsel in seeking confirmation of the plan specifically as to what  was
       sought regarding the transfer of the Mosdos Property as contemplated by
       the plan  with regard to complying with any additional approval under

2

applicable New York law besides this Court's approval of confirmation of
the plan;

2.      The fifth Decretal paragraph should be amended to read in its entirety as follows:

**ORDERED**, that the Court shall retain jurisdiction to resolve all matters
relating  to, or arising in connection with, the interpretation and/or
implementation of this Order.


In the event that this Court, in its discretion, does not grant all of the relief sought
in this Motion, then Mosdos seeks a stay of all further proceedings before this Court
pending an appeal of this Court's Order and ruling on this Motion to the United States
District Court for the SouthernDistrict of New York.

<u>The Applicable Rules</u>

This Motion for reconsideration, reargument and/or relief from the Order is
brought before this Court pursuant to the following applicable Rules of the Court:

1.      FRCP 52 which provides:

Rule 52. Findings and Conclusions by the Court; Judgment on Partial Findings

(a) Findings and Conclusions.

(1) In General. In an action tried on the facts without a jury or with an advisory
jury, the court must find the facts specially and state its conclusions of law
separately. The findings and conclusions may be stated on the record after the
close of the evidence or may appear in an opinion or a memorandum of decision
filed by the court. Judgment must be entered under Rule 58.

(2) For an Interlocutory Injunction. In granting or refusing an interlocutory
injunction, the court must similarly state the findings and conclusions that support
its action.

3

(3) For a Motion. The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion.

(4) Effect of a Master's Findings. A master's findings, to the extent adopted by the court, must be considered the court's findings.

(5) Questioning the Evidentiary Support. A party may later question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings.

(6) Setting Aside the Findings. Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility.

(b) Amended or Additional Findings. On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.

(c) Judgment on Partial Findings. If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

4

2.      FRCP 52 is made applicable to this Adversary Proceeding by Bankruptcy Rule

7052 which provides:

Rule 7052. Findings by the Court

Rule 52 F.R.Civ.P. applies in adversary proceedings, except that any motion

under subdivision (b) of that rule for amended or additional findings shall be filed

no later than 14 days after entry of judgment.  In these proceedings, the reference

in Rule 52 F.R.Civ.P. to the entry of judgment under Rule 58 F.R.Civ.P. shall be

read as a reference to the entry of a judgment or order under Rule 5003(a).


3.      Rule 60 of the Federal Rules of Civil Procedure which states:

FRCP 60. Relief from a Judgment or Order

(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.  The

court may correct a clerical mistake or a mistake arising from oversight or

omission whenever one is found in a judgment, order, or other part of the

record. The court may do so on motion or on its own, with or without

notice. But after an appeal has been docketed in the appellate court and

while it is pending, such a mistake may be corrected only with the appellate

court's leave.

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**  On

motion and just terms, the court may relieve a party or its legal

representative from a final judgment, order, or proceeding for the following

reasons:

**(1)**  mistake, inadvertence, surprise, or excusable neglect;

5

(2)  newly discovered evidence that, with reasonable diligence, could not

have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud (whether previously called intrinsic or extrinsic),

misrepresentation, or misconduct by an opposing party;

(4)  the judgment is void;

(5)  the judgment has been satisfied, released, or discharged; it is based on

an earlier judgment that has been reversed or vacated; or applying it

prospectively is no longer equitable; or

(6)  any other reason that justifies relief.

**(c) Timing and Effect of the Motion.**

(1)  *Timing.* A motion under Rule 60(b) must be made within a reasonable

time—and for reasons (1), (2), and (3) no more than a year after the entry of

the judgment or order or the date of the proceeding.

(2)  *Effect on Finality.* The motion does not affect the judgment's finality or

suspend its operation.

**(d) Other Powers to Grant Relief.**  This rule does not limit a court's power

to:

(1)  entertain an independent action to relieve a party from a judgment,

order, or proceeding;

(2)  grant relief under 28 U.S.C. § 1655 to a defendant who was not

personally notified of the action; or

6

**(3)** set aside a judgment for fraud on the court.

**(e) Bills and Writs Abolished.** The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

FRCP 60 is made applicable to this Adversary Proceeding by Bankruptcy Rule 9024 which provides:

Relief from Judgment or Order

Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by §727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by §1144, §1230, or §1330.  In some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending.

Bankruptcy Rule 9023 provides:

Rule 9023. New Trials; Amendment of Judgments

Except as provided in this rule and Rule 3008, Rule 59 F.R.Civ.P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry

7

of judgment. In some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending.

<u>The Facts</u>

The instant Adversary Proceeding resulted from the removal to this Court on February 11, 2020 (DE 1) (hereinafter the "Removal Date") of a Proceeding commenced in the New York Supreme Court.  From the Removal Date until January 7, 2021, Aaron Twersky, Esquire ("Twersky") represented Mosdos in its capacity as a Plaintiff in this case.  On January 8, 2021 this Court signed an Order allowing Twersky to withdraw as counsel to Mosdos (DE 83).  From January 8, 2021 until January 21, 2021 (the "Unrepresented Gap"), when Avrom R. Vann, P.C. filed a Notice of Appearance in this Adversary Proceeding on behalf of Mosdos (DE 93), Mosdos was not represented by counsel. During the Unrepresented Gap, as is expressly noted in the Transcript of the oral [2]argument on the Motion, this Court held a hearing on the Motion on January 14, 2021 at which time "at the start of the hearing, everyone agreed [that the depositions, both the transcripts and the video recordings of them and the other items agreed to be in evidence, including the Henig declarations and an agreement to treat the actual hearing held one week earlier as oral argument on the Motion] would be the only evidence for this hearing".

The Motion, which was made by the Defendants in the Adversary Proceeding on September 2, 2020,  did not seek any relief against Mosdos.  By its express terms the relief sought by the Defendants in the Motion was solely against Rabbi Mayer  Zaks ("Rabbi Mayer") for *in limine* relief.  The Motion set forth the relief sought stating:

---

[2]  See Page 7 of the transcript of of the Bench Ruling of this Court delivered on January 21, 2021 (DE 102).

Defendants Mosdos Chofetz Chaim Inc ("Mosdos") and
Rabbi Aryeh Zaks, hereby move this Court for an Order *in
limine* prohibiting Rabbi Mayer Zaks from ( i ) presenting
any evidence regarding the configuration of the Board of
Trustees of Mosdos based upon Movant's litigation
misconduct comprised of theft of evidence and spoilation
of evidence; alternatively, (ii) prohibiting Movant from
presenting the testimony of Mark Blisko or any other
evidence of the composition of the Mosdos Board of
Trustees based upon the fraud surrounding the Blisko
Declaration; (iii) precluding the testimony of certain non-
party witnesses and (iv) preclude the entry into evidence of
the late-filed Declaration of Rabbi Mayer Zaks[3].

The term "Movant" as used in the Motion is not defined in the Motion.  However,
references in the Motion to the "Movant" are clearly references to Rabbi Mayer.  Thus for
example at page 12 of the Motion it is stated that "Movant disregarded this basic notion.
He did not play by the rules, but rather leapt over them, bypassing the judicial process,
and harming a party's opportunity to properly and completely present its case and its
evidence".  Similarly on the same page the Motion states: "Movant's conduct deprived
the court of the chance to fulfill it fundamental obligation to ensure the integrity of these
proceedings.  He has significantly interfered with the judicial process."  These among

---

[3]  This relief sought was reiterated in the Henoch Zaks Reply Declaration (DE 55 at Page
2) and in the Section of the Motion entitled "Conclusion" (DE 52 at Page 28).  The moving
parties on the Motion filed a Responsive Memorandum of Law which made no change in the
relief sought in the Motion (DE57).

9

other phrases in the Motion leave no doubt that Movant and Rabbi Mayer are synonymous terms[4].

The Verified Amended Complaint (the "Complaint") in the New York State Supreme Court action, which was removed to this Court, seeks declaratory judgment and to quiet title pursuant to RPAPL Article 15,  in that certain real property, commonly known as 50 Grandview Avenue, Spring Valley, New York and also known as 1-60 Kiryas Radin Drive, Spring Valley, New York (hereinafter the "Property").  The Complaint alleges that through a fraudulent scheme perpetrated by the Defendants including by Rabbi Aryeh Zaks, Mosdos has been deprived of its ownership and equity in the Property,  which was its only asset.  The fraudulent scheme consisted of *inter alia* transactions which were not approved by the membership of Mosdos, obtaining a mortgage on the Property by making fraudulent statements and misrepresentations, transactions with parties who were not bona fide third parties, utilizing entities owned by Rabbi Aryeh Zaks and/or Henoch Zaks to perpetrate the fraud and otherwise failing to comply with applicable provisions of law.  The Complaint seeks among other relief to determine that Mosdos remains the owner of the Property free and clear of liens, money

---

[4]   In quoting these provisions of the Motion, Mosdos does not acknowledge the veracity of these allegations being made by Rabbi Aryeh Zaks.  The sole purpose of quoting these portions of the Motion is to establish that the term "Movant" is limited solely to refer to Rabbi Mayer and to demonstrate the  Motion did not seek any affirmative relief against Mosdos.

The term "Movant" as used in the Motion is readily distinguished from the use of the term "movants" by the Court in the proceedings before the Court.  As used by the Court the term "movants' referred to the moving parties in the Motion.  Thus the Court, referring to the moving parties making the motion, stated "So, the movants here have the burden of proof by a preponderance of the evidence.  So Mr. Levine you go first" (TR 1/14/21 at Page 20).  Similarly the Court stated: "the intent was to remove materials from the possession of the movants ..."(TR 1/14/21 at Page 33).  Parenthetical references beginning with the phrase "TR 1/14/21" are to the transcript of the hearing held before the Court on January 14, 2021.

damages, and to impose a constructive trust on assets owned or controlled by Rabbi

Aryeh Zaks, Henoch Zaks and Defendant, Shem Olam LLC.

The following portions of this motion demonstrate the legal principles applicable

to the relief sought and the reasons why the relief set forth in the Order against Mosdos

should be vacated by this Court[5].

POINT I

THE COURT WAS IN ERROR WHEN IT PROCEEDED
WITH A HEARING ON THE MOTION AT A TIME
WHEN MOSDOS WAS NOT REPRESENTED BY
COUNSEL

Mosdos is a religious corporation organized and existing under the laws of the

State of New York.  As a corporation Mosdos can only have appeared in this Court by

counsel.  See Jones v. Niagara Frontier Transp. Authority, 722 F.2d 20; 1983 U.S. App.

LEXIS 15033 (2nd Cir. 1983) in which the Court of Appeals stated:

> Since, of necessity, a natural person must represent the
> corporation in court, we have insisted that that person
> be an attorney licensed to practice law before our
> courts. *Shapiro Bernstein & Co. v. Continental Record
> Co., supra*, 386 F.2d at 427; *Brandstein v. White
> Lamps, Inc., supra*, 20 F. Supp. at 370 ("Since a
> corporation can appear only through its agents, they
> must be acceptable to the court; attorneys at law, who
> have been admitted to practice, are officers of the court
> and subject to its control."); *cf. Phillips v. Tobin*, 548
> F.2d 408, 413-15 (2d Cir. 1976) (shareholder who
> would pursue corporation's cause of action in a

---

[5]  This Motion is being made on behalf of Mosdos.  It should be noted that to the extent
that the Order affected Plaintiffs other than Rabbi Mayer Zaks, inasmuch as the Motion did not
seek relief against those Plaintiffs, they are adversely affected by the Order  in much the same
manner as Mosdos.

11

derivative suit must be represented by an attorney). The rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread. *See, e.g., Osborn v. Bank of United States*, 22 U.S. (9 Wheat.) 738, 830, 6 L. Ed. 204 (1824) ("[a] corporation . . . can appear only by attorney[n1]);" *Richdel, Inc. v. Sunspool Corp*., 699 F.2d 1366 (Fed. Cir.1983) (per curiam); *Carr Enterprises, Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) (per curiam); *Southwest Express Co. v. ICC, supra*, 670 F.2d at 55; *In re Victor Publishers, Inc*., 545 F.2d 285, 286 (1st Cir. 1976) (per curiam); *Strong Delivery Ministry Association v. Board of Appeals of Cook County*, 543 F.2d 32, 33-34 (7th Cir. 1976) (per curiam); *In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969) (per curiam); *Simbraw, Inc. v. United States*, 367 F.2d 373, 374 (3d Cir. 1966) (per curiam). The reasons for requiring that an attorney appear are thoroughly discussed in the above cases. In summary, they are principally that the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court.

When on January 8, 2021 this Court allowed Twersky to withdraw as counsel for Mosdos, there was no longer any representation of Mosdos by counsel in this case. Presumably, in scheduling a hearing on the Motion for January 14, 2021, the Court proceeded on the basis that the Motion did not seek any relief against Mosdos and therefore there was no impediment to the Court convening a hearing in this case on January 14, 2021 since by its express terms the Motion sought to preclude only Rabbi Mayer and did not seek any relief against Mosdos.

However, by January 14, 2021, when the Motion came on for a hearing before this Court, on which date Mosdos was not represented by counsel, the Moving parties sought to amplify the relief sought by the Motion. As the hearing commenced the Court stated that the hearing was to be conducted on the "remaining portion of the Defendant's motion *in limine* a judgment of default based upon the alleged destruction of evidence related to

12

the underlying adversary proceeding issues". (TR 1/14/21 at Page 6).  Mosdos was not

represented by counsel at this hearing.  The list of parties represented by counsel is set

forth on Pages 4-5 of the Transcript of the proceedings held on January 14, 2021[6]. and the

actual appearance are noted at Page 7-11 of said Transcript.

As soon as oral argument commenced on the Motion, Michael Levine, Esquire

("Levine"), counsel for the Defendants referred to the request for a dismissal sanction

(TR 1/14/21 at Page 21).  At that very moment in time, absent legal representation of

Mosdos, the Court should have halted the proceedings, set a time for Mosdos to retain

counsel, and then set an adjourned date for the oral argument to continue.  Clearly, the

sanction of dismissal, is not only an extraordinarily harsh remedy, but in the instant cases

would completely deprive Mosdos of its day in court and subject it to the complete loss of

its valuable equity in the Property.  Allowing the oral argument to continue, in the

absence of Mosdos, violated due process and the absolute requirement that a corporation

be represented by counsel in proceedings before this Court.

On January 21, 2021, the Court issued its Bench Ruling (DE 102) and after an

extensive review of the various documents submitted to the Court as constituting the

evidence, announced that the order of preclusion would extend to all of the plaintiffs on

the first of the two contested issues[7].  As Mosdos is one of the "plaintiffs", the Court

---

[6]   The transcript of the proceedings before this Court held on January 14, 2021 as of the writing of this Motion has not as yet been filed on the electronic filing system of this Court.  A copy of the full transcript is annexed to this Motion as Exhibit "1".

[7]   See DE 102 at page 32 where this Court stated:

I will preclude the plaintiffs from introducing evidence on the first of the two contested issues.

impermissibly allowed action to proceed against Mosdos when it was not represented by counsel. As stated by the Court of Appeals that is reversible error.

During the oral argument on January 14, 2021, after Levine addressed the Court and advocated for dismissal and after the Court stated that it was "focusing on a proper sanction here . . . it is at least conceivable to me that short of dismissal, I can preclude evidence being submitted by you or your side. . .")(TR 1/14/21 at page 44), Stanley L. Lane, Jr, Esquire ("Lane"), representing Rabbi Mayer, responded stating that the Court having referred to "you or your side" he was reminding the Court that parties who could be affected by such a ruling, which includes Mosdos, were not present or represented. Lane stated:

> As long as we can go there at the hearing, that's fine. Or whomever is representing Mayer Zaks at that point, if we're not still in the case. Or the other Plaintiffs. Oh, by the way, Your Honor, since we went through it at the beginning today and the relief was a total dismissal, there are four Plaintiffs who are not represented here today at all because their counsel has withdrawn. So, that it's clear, we're representing only Rabbi [Mayer] Zaks" (TR 1/14/21 at Page 45).

At that very moment in time, even had the Court (and all other counsel) not previously recognized that Mosdos was not represented by counsel and as a corporation had to be represented by counsel, the proceedings should have been halted and Mosdos given a reasonable opportunity to retain counsel. This is not an academic claim, since even absent such a direction by the Court, Mosdos did retain counsel just one week later (DE 91) and that counsel's request to address the Court on the issues raised in the Motion was denied by the Court (DE 102 at Page 8)[8]. Nevertheless the oral argument not only

---

[8]  The Court misspoke when it described Avrom Vann as "purported new counsel for the plaintiffs, or at least for Rabbi Mayer Zaks" (DE 102 at Page 8). Both the Notice of Appearance filed by Avrom R. Vann, Esquire (DE 93) and the letter to the Court from Avrom R. Vann, Esquire dated January 21, 2021 (DE 94) explicitly stated that Avrom R. Vann, Esquire, was retained as counsel to Mosdos. Avrom R. Vann, Esquire has not been retained by nor is he

continued and Levine continued to press for a total dismissal of the Adversary Case. Levine concluded his rebuttal by stating "And I think Your Honor should, at this point, dismiss with prejudice" (TR 1/14/21 at Page 71).

In its concluding remarks, the Court once again expressly stated that it was considering "whether the ultimate sanction of dismissal of this adversary proceeding is warranted" (TR 1/14/21 at Page 82). The Court furthermore made clear to the parties and their counsel that "the law is the law" (TR 1/14/21 at Page 82).

Mosdos agrees and accepts the view of the Court that "the law is the law". In this case, the Court was considering the drastic remedy of dismissing the Complaint and did enter the Order prohibiting the Plaintiffs, including Mosdos, from "offering any evidence on the first of the Contested Issues". As the proceedings on the Motion and the Order implementing the Court's findings against Mosdos resulted from proceedings held at a time when Mosdos was not represented by Counsel, and legally Mosdos is incapable of representing itself in this Court, and based upon the fact that the Motion did not originally seek any relief against Mosdos, this Court should grant the relief sought by Mosdos in this motion for reconsideration, should vacate the Order as against Mosdos, and should grant such other and further relief in favor of Mosdos as this Court deems just and equitable[9].

---

representing Rabbi Mayer.

[9]  See full discussion of the denial of due process to Mosdos which is set forth in Point III of this Motion, <u>Infra</u>.

15

POINT II

THE MOTION FOR RECONSIDERATION,
REARGUMENT OR TO ALTER THE ORDER IS
PROPERLY BEFORE THIS COURT

A court may reconsider its order where necessary "to correct a clear error of law or fact or to prevent manifest injustice." <u>Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677; 1999 U.S. App. LEXIS 8483; 50 U.S.P.Q.2D (BNA) 1665 (3d Cir. 1999)("The purpose of a motion for reconsideration, 'we have held, 'is to correct manifest errors of law or fact or to present newly discovered evidence' *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995"); In re Energy Future Holdings Corp., 575 B.R. 616, 628, 2017 Bankr. LEXIS 3369; 64 Bankr. Ct. Dec. 198 (U.S.D.C. Delaware 2017)("A prior decision should be reconsidered 'where it appears [the Court] has overlooked or misapprehended some factual matter that might reasonably have altered the result reached by the Court.'").  While the exact meaning of manifest injustice and clear error of law or fact is unsettled, the error must be apparent to the point of being indisputable.

In the instant case, manifest error is patent on the face of the Order.  Allowing the Motion seeking to prohibit Rabbi Mayer from introducing evidence at a trial to be converted into a Motion to Dismiss a Complaint (notwithstanding the denial of that relief)

16

and extending the scope of the Motion to preclude Mosdos from offering "any evidence

on the first Contested Issue" on the trial of the Adversary Proceeding where such relief

was not sought in the Motion and where Mosdos was not represented by counsel during

the proceedings held on the Motion, clearly was manifest error of law which is readily

apparent.

Although no provision in the Bankruptcy Rules specifically provides for

reconsideration of court orders, motions seeking reconsideration of an order or

judgment may be filed pursuant to Rules 9023, 9024, and 7052; motions for

reconsideration should not be used to relitigate issues already decided or as

substitute for appeal.  Britt's Home Furnishing, Inc. v. Hollowell (In re Hollowell),

242 B.R. 541, 1999 Bankr. LEXIS 1589 (Bankr. N.D. Ga. 1999).

In the instant case, reconsideration is being sought to correct a clear error of law

made in the Court when proceedings were held resulting in adverse findings against

Mosdos.  This issue was not addressed by this Court and is properly raised in a motion for

reconsideration.

## POINT III

PRECLUDING MOSDOS FROM INTRODUCING
EVIDENCE ON THE TRIAL OF THIS ADVERSARY
PROCEEDING, WITHOUT HAVE GIVEN ADVANCE
NOTICE TO MOSDOS THAT SUCH RELIEF WAS
SOUGHT AGAINST, IT VIOLATED MOSDOS' RIGHT
TO DUE PROCESS

The law is clear that sanctions may not be granted except upon advance due notice

and a full opportunity to he heard.  In the instant case, where the Motion did not seek any

sanctions against Mosdos, where a hearing on the Motion took place when Mosdos was

not represented by counsel, and where Mosdos very shortly thereafter did retain counsel

demonstrating its desire to continue to be represented by counsel, and where the Court

before rendering its decision on the record declined to allow Mosdos' newly retained

counsel the opportunity to address the Court, Mosdos was denied due process and the

Order against it must be vacated.

The Court of Appeals has specifically held that due process requires that

courts provide notice and opportunity to be heard before imposing *any* kind of

sanctions.  Ted Lapidus, S.A. v. Vann,  112 F.3d 91; 1997 U.S. App. LEXIS 8609; 42

U.S.P.Q.2D (BNA) 1614 (2nd Cir. 1997); Jefferson v. Webber, 777 Fed. Appx. 11;

2019 U.S. App. LEXIS 18182; 2019 WL 2505370 (2nd Cir. 2019).  This rule

of law is clearly applicable to the facts of this case.  In Ted Lapidus, S.A. v. Vann

the Court of Appeals stated:

> "Due process requires that courts provide notice and
> opportunity to be heard before imposing *any* kind of
> sanctions." In re Ames Dept. Stores, Inc., 76 F.3d 66,
> 70 (2d Cir. 1996) (emphasis in original). The Third
> Circuit has interpreted the notice requirement to mean
> "specific" notice of the sanctioning authority being
> considered and the conduct alleged to be sanctionable.
> See Zuk v. Eastern Pa. Psychiatric Inst. of the Med.
> College of Pa., 103 F.3d 294, 298 (3d Cir. 1996); Jones
> v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1357 (3d Cir.
> 1990).
> The purpose of particularized notice is to put counsel "on
>
> notice as to the particular factors that he must address if he
> is to avoid sanctions." Jones, 899 F.2d at 1357.

Similarly in Jefferson v. Webber, the Court of Appeals stated:

> Due process requires that a litigant "must be forewarned of
> the authority under which sanctions are being considered,
> and given a chance to defend himself against specific
> charges." *Sakon*, 119 F.3d at 114 (quoting *Ted Lapidus,
> S.A. v. Vann*, 112 F.3d 91, 97 (2d Cir. 1997)).

See also Nuwesra v. Merrill Lynch, Fenner & Smith, Inc., 174 F.3d 87; 1999 U.S.

App. LEXIS 8005; 43 Fed. R. Serv. 3d (Callaghan) 1208; 9 Am. Disabilities Cas. (BNA)

537 (2ⁿᵈ Cir. 1999)("''Due process requires that courts provide notice and an opportunity to be heard before imposing any kind of sanctions." *TedLapidus, S.A. v. Vann*, 112 F.3d 91, 96 (2d Cir.) (quoting *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 70 (2d Cir. 1996)) (alteration in original), *cert. denied*, 118 S. Ct. 337 (1997); *accord Rounseville v. Zahl*, 13 F.3d 625, 632-33 (2d Cir. 1994)")").

In the instant case, the Motion on its face was directed solely against Rabbi Mayer and sought to preclude him from offering evidence at the trial of this adversary proceeding.  Ultimately, while the Court denied significant portions of the relief sought in the Motion, the Court entered the Order which precludes not only Rabbi Mayer but also Mosdos from offering certain evidence at the trial of this Adversary Proceeding.  Due process was violated and the Order must be vacated to the extent that it granted any relief against Mosdos.

This Court committed reversible error when it permitted the proceedings to proceed against Mosdos without proper notice having been given to Mosdos and then precluded Mosdos from introducing certain evidence at the forthcoming trial of this Adversary Proceeding.  Reconsideration should be granted and the Order against Mosdos should be vacated.

POINT IV

THE FINAL DECRETAL PARAGRAPH SHOULD BE
DELETED OR MODIFIED

The final decretal paragraph sets forth relief which was not sought in the Motion and should be deleted in its entirety.  Alternatively, at a minimum, the provision should be amended by deleting the word "exclusive" since that could be construed as prohibiting an appeal to be taken from the Order to the United States District Court, and clearly this

19

Court does not have the power or authority to prohibit a party from taking an appeal from an order of this Court.

POINT V

> IF THIS COURT DENIES THIS MOTION, WHETHER IN WHOLE OR IN PART, THIS COURT SHOULD STAY FURTHER PROCEEDING BEFORE THIS COURT PENDING AN APPEAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

The drastic, unprecedented relief granted by this Court in the Order impairs the ability of Mosdos, a Plaintiff in this Adversary Proceeding, to fully, fairly, properly and completely have its case heard and determined on the merits at the trial of this Adversary Proceeding.  Accordingly in the event that this Court denies this Motion, whether in whole or in part, or if this Court has not decided this Motion prior to the scheduled trial date of the Adversary Proceeding, this court should stay further proceeding before this Court pending an appeal to the United States District Court for the Southern District of New York, whether such appeal proceeds as of right or by permission.

Conclusion

For all of the foregoing reasons this Court should grant this Motion for reconsideration, reargument and/or relief from the prior Order of this Court and upon the granting of this motion enter an order modifying the Order in the manner as set forth in the section of this Motion entitled "Relief Requested".   Furthermore, in the event that this Court, in its discretion, does not grant all of the relief sought in this Motion, then this Court should stay of all further proceedings before this Court pending an appeal of this

20

Court's Order and ruling on this Motion to the United States District Court for the

Southern District of New York.

Dated:  February 8, 2021

AVROM R. VANN, P.C.
Attorneys for Plaintiff,
    MOSDOS CHOFETZ CHAIM INC.


S/ Avrom R. Vann

By:_____
    Avrom R. Vann, Esquire

Office and Post Office Address
1211 Avenue of the Americas  -40[th] Floor
New York, New York 10036-8718
(212) 382-1700