UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

In Re:                                                                                                  Chapter 11

MOSDOS CHOFETZ CHAIM INC.,                                              Case No. 12-2361-rdd
                                                                                                        Post Confirmation

_____
MOSDOS CHOFETZ CHAIM INC., RABBI
MAYER ZAKS, derivatively on behalf of
MOSDOS CHOFETZ CHAIM INC.,                                              **Adv. Pro. No. 20-08949-rdd**
SIMA WEINTRAUB, derivatively on behalf
of MOSDOS CHOFETZ CHAIM INC.,
DANIEL ROSENBLUM, derivatively on
behalf of MOSDOS CHOFETZ CHAIM INC.,
JOSEPH GRUNWALD, derivatively on behalf
of MOSDOS CHOFETZ CHAIM INC., and
YISROEL HOCHMAN, derivatively on behalf
of MOSDOS CHOFETZ CHAIM INC.

                                        Plaintiffs,

            -against-

MOSDOS CHOFETZ CHAIM INC., CHOFETZ
CHAIM INC., TBG RADIN LLC, SHEM OLAM LLC,
CONGREGATION RADIN DEVELOPMENT INC.,
ARYEH ZAKS, BEATRICE WALDMAN ZAKS,
HENOCH ZAKS, MENDEL ZAKS, GITTEL ZAKS
LAYOSH, SAMUEL MARKOWITZ and STERLING
NATIONAL BANK,

                                        Defendants.
_____

**MEMORANDUM OF LAW OF THE CONGREGANTS OF MOSDOS CHOFETZ CHAIM
A/K/A KIRYAS RADIN IN SUPPORT OF ITS MOTION TO INTERVENE AS PLAINTIFF**

Brian K. Condon, Esq.
Condon Paxos PLLC
55 Old Turnpike Road, Suite 502
Nanuet, New York 10954
Tel.: (845) 627-8500
Fax: (845) 627-8507
Brian@CondonPaxos.com
Attorneys for Putative Intervenor-Plaintiff
Congregants of Mosdos Chofetz Chaim a/k/a Kiryas Radin

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii-iii

Facts ......................................................................................................................................... 1

Procedural History ................................................................................................................... 3

Argument ................................................................................................................................. 4


PURSUANT TO FED. R. CIV. P. 24 CONGREGANTS' ARE ENTITLED TO INTERVENE

  A. The Motion to Intervene is Timely ....................................................................6

  B. The Congregants Have A Strong Interest in this Action ..................................... 6

  C. The Congregants' Interests May be Impaired ..................................................... 7

  D. The Congregants' Interests Are Not Adequately Protected ................................. 8

Conclusion ............................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                         **Page(s)**

*Ass'n of Conn. Lobbyists LLC v. Garfield*

      241 F.R.D. 100, 103 (D. Conn. 2007) ............................................................................. 7

*Hartford Fire Ins. Co. v. Miltof*

      193 F.R.D. 154, 160 (S.D.N.Y. 2000) ............................................................................ 6

*Herdman v. Town of Angelica*

      163 F.R.D. 180, 185 (W.D.N.Y. 1995) .......................................................................... 5

*Int'l Design Concepts, LLC v. Saks Inc.*

      486 F. Supp. 2d 229, 235 (S.D.N.Y. 2007)................................................................... 7

*La Rouche v. FBI*

      677 F.2d 256, 257 (2d Cir. 1982) ................................................................................... 5

*Mastercard Int'l v. Visa Int'l Serv. Ass'n*

      471 F.3d 377, 390 (2d Cir. 2006) ................................................................................... 6

*New York v. Scalia*
      2020 U.S. Dist. LEXIS 115415, 2020 WL 3498755, *7-8 (S.D.N.Y. 2020) ..................... 7

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*

      550 B.R. 241, 249-250 (B.R.S.D.N.Y. 2016) ................................................................. 6

*Trbovich v. United Mine Workers*

      404 U.S. 528, 538 n. 10 (1972) ...................................................................................... 8

*United States v. Hooker Chemicals & Plastics Corp.*

      749 F.2d. 968, 983 (2d Cir. 1984) .................................................................................. 5

*United States v. Int'l Bus. Machines Corp.*

    62 F.R.D. 530, 541-42 (S.D.N.Y. 1974) ............................................................................. 6

*United States v. New York*

    820 F.2d 554, 557 (2d Cir. 1987) ..................................................................................... 6

**Statutes**

Fed. R. Civ. P. 24 ............................................................................................................... 1

Fed. R. Civ. P. 24(b) ......................................................................................................... 4

Fed. R. Civ. P. 24 (a)(2) ................................................................................................ 5-7

The Congregants of Mosdos Chofetz Chaim a/k/a Kiryas Radin (the "Congregants") respectfully submit this Memorandum of Law in support of their motion to intervene in this action as a matter of right pursuant to Rule 24 of the Federal Rules of Civil Procedure ("Rule 24").

## FACTS

On January 19, 2003, Mosdos Chofetz Chaim ("Mosdos"), a religious corporation organized under the New York Religious Corporation Law, was formed for the purpose of promoting the religious, intellectual, moral and social welfare among its members, students and families, those of the Orthodox Jewish Faith. (*Gottheil Aff.* ¶ 3).

Mosdos maintained and owned property known as 50 Grandview Avenue, Spring Valley, New York, also known as 1-60 Kiryas Radin Drive, Spring Valley, New York 10977 (the "Property"). (*Gottheil Aff.* ¶ 4).

At the Property, Mosdos maintained and operated a Yeshiva where it conducted religious services, classes and lectures to promote the teachings, customs, worship and traditions of Orthodox Judaism. (*Gottheil Aff.* ¶ 5).

In addition, the Property also contained a synagogue with adult student housing facilities. A number of students of the Yeshiva live at the Property with their families and are members of Mosdos. (*Gottheil Aff.* ¶ 6).

Over the many years, the Congregants have contributed financially and through sweat equity to the synagogue where generations of families have worshiped. (*Gottheil Aff.* ¶ 7).

Upon information and belief, there was a Mortgage held by Citizens Bank which was taken out by Mosdos in December 2005 for $12,800,000.00. (*Gottheil Aff.* ¶ 8).

1

Upon information and belief, there was a Mortgage held by CC of R LLC which was taken out by Mosdos in March 2008 for $203,000.00. (*Gottheil Aff. ¶ 9*).

Upon information and belief, in or about December 2011, the Citizens Mortgage was assumed by Avon Group Limited Liability Company. (*Gottheil Aff. ¶ 10*).

In March, 2018, an entity known as TBG Radin LLC purchased the Notes and Mortgages held by CC of R LLC and Avon Group Limited Liability Company (which was believed to be in excess of $20 Million Dollars) for, upon information and belief, $6,200,000.00. (*Gottheil Aff. ¶ 11*).

Upon information and belief, TBG Radin LLC was going to make a charitable religious donation for the benefit of Mosdos and its Congregants and "gift" the Note and Mortgage back for the benefit of Mosdos and its Congregants. (*Gottheil Aff. ¶ 12*).

Upon information and belief, Henoch Zaks and Rabbi Aryeh Zaks (and/or others) convinced TBG Radin LLC to assign the Note and Mortgage to another entity, Shem Olam LLC, not Mosdos. (*Gottheil Aff. ¶ 13*).

Furthermore, upon information and belief, Rabbi Aryeh Zaks (and/or others) sold the Property from Mosdos to an entity known as Congregation Radin Development Inc. ("CRDI"). (*Gottheil Aff. ¶ 14*).

Upon information and belief, CRDI and Shem Olam LLC are entities controlled by Rabbi Aryeh Zaks (and/or others). This is evidenced by the fact that Rabbi Aryeh Zaks signed the filed $12,800,000 Satisfaction of Mortgage as "Manager" of Shem Olam LLC. (*Gottheil Aff. ¶ 15*).

After the aforementioned actions, upon information and belief, CRDI obtained a loan from Sterling National Bank in the amount of $15,000,000 which was secured by the Property. (*Gottheil Aff. ¶ 16*).

CRDI purchased the Property from Mosdos but the entire proceeds went to pay the Note that Shem Olam LLC was holding which is controlled by Rabbi Aryeh Zaks. (*Gottheil Aff. ¶ 17*).

The Congregants' nor the synagogue did not receive any benefit from the sale of the Property. (*Gottheil Aff. ¶ 18*).

It is the Congregants' position that the aforementioned actions were taken by Rabbi Aryeh Zaks (and/or others) without necessary approval under New York State Law, the corporate governance of Mosdos and/or the Congregants.(*Gottheil Aff. ¶ 19*).

## **PROCEDURAL HISTORY**

This Adversary Proceeding action was commenced on February 11, 2020 by the filing of a Notice of Removal by the Debtor, Mosdos Chofetz Chaim, Inc. The matter which was removed to this Court was the Summons and Complaint against Mosdos Chofetz Chaim Inc., TBG Radin LLC, and Shem Olam LLC which was filed in Rockland County Supreme Court on November 12, 2019.  Since the Removal in February, 2020, there have been several motions which have been decided by this Honorable Court.

Less than a month ago, on January 21, 2021, the Court issued its findings on the Motion put forth by Mosdos Chofetz Chaim and Rabbi Aryeh Zaks for In Limine Relief and preclusion of certain evidence by Plaintiffs in this Adversary Proceeding.  The Court's Order was reduced to writing and signed by this Honorable Court on January 27, 2021. [DE-101].

On January 22, 2021, the day after this Honorable Court issued its findings, the Court granted the Motion of Otterbourg, P.C. to withdraw as counsel to Rabbi Mayer Zaks pursuant to Local Bankruptcy Rule 2090-1.  That Order was filed on January 25, 2021 [DE-98].

On February 5, 2021, Plaintiff, Rabbi Mayer Zaks, filed a Letter Motion asking to extend his time to file a Motion for Reconsideration of the Court's prior January 27, 2021 Order due to the fact that he is still seeking to find new counsel.  That letter was filed on February 8, 2021 [DE-103].

On February 8, 2021, Plaintiff, Mosdos Chofetz Chaim Inc., filed its Notice of Motion of Plaintiff, Mosdos Chofetz Chaim Inc., for Reconsideration, Reargument and/or Relief from Order. [DE-104].

On February 9, 2021, Rabbi Mayer Zaks filed a Notice of Appeal, pro se. [DE-107].

On February 10, 2021, Defendants Mosdos Chofetz Chaim Inc. and Rabbi Aryeh Zaks filed a Cross Motion for Sanctions in response to Rabbi Mayer Zaks' February 5, 2021 Letter Motion. [DE - 108]

## ARGUMENT

### PURSUANT TO FED. R. CIV. P. 24
### CONGREGANTS ARE ENTITLED TO INTERVENE

Pursuant to Rule 24(a), the Congregants move to intervene as a matter of right to protect their strong interest in the outcome of this action.  In the alternative, the Congregants request that the Court grant their permission to intervene pursuant to Rule 24(b).

The Congregants most certainly have a stake in how this matter plays out.  Many of the Congregants have been worshiping at Mosdos for many years.  Not only have they have spiritual

capital in this entity but, many Congregants, have performed physical labor for the benefit of the congregation never mind supporting the same financially. Like many synagogues throughout the world, Mosdos is a community center and is woven in the fabric of the community. The Congregants should be "at the head of the table" of this dispute due to its stated interest in the outcome.

The Congregants' intervention in this action will cause no prejudice to any party and will not delay progress of discovery and trial. Therefore, the Congregants are entitled to intervene.

Pursuant to Fed. R. Civ. P. 24(a)(2), a party seeking to intervene as a matter of right must: (1) timely file a motion, (2) show a legally protectable interest in the action, (3) demonstrate that its interest may be impaired by the disposition of the action, and (4) show that its interests is not protected adequately by the parties to the action. See *La Rouche v. FBI*, 677 F.2d 256, 257 (2d Cir. 1982)(granting motion to intervene as a matter of right). Respectfully, the Congregation meets each of the foregoing requirements.

While all four criteria must be met, the extent to which each one individually must be demonstrated varies.

"[A]pplication of the Rule requires that its components be read not discretely, but together. A showing that a very strong interest exists may warrant intervention upon a lesser showing of impairment or inadequacy of representation. Similarly, where representation is clearly inadequate, a lesser interest may suffice as a basis for granting intervention". *Herdman v. Town of Angelica*, 163 F.R.D. 180, 185 (W.D.N.Y. 1995)(quoting *United States v. Hooker Chemicals & Plastics Corp.*, 749 F.2d. 968, 983 (2d Cir. 1984).

A. **The Motion To Intervene is Timely**

Factors to consider in determining timeliness include: (a) the length of time the applicant knew or should have known of [its] interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness. *Mastercard Int'l v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 390 (2d Cir. 2006). "[A] lapse of time is only one of several factors to be considered when deciding timeliness under Rule 24(a)(2), and it is incorrect to adopt a per se rule focused solely on that factor.

Instead, the determination must be based on all the circumstances of the case." *United States v. New York*, 820 F.2d 554, 557 (2d Cir. 1987). Indeed, "[i]t is firmly established that the most significant criterion in determining timeliness is whether the delay in moving for intervention has prejudiced any of the existing parties." *Hartford Fire Ins. Co. v. Miltof*, 193 F.R.D. 154, 160 (S.D.N.Y. 2000)(quoting *United States v. Int'l Bus. Machines Corp.*, 62 F.R.D. 530, 541-42 (S.D.N.Y. 1974).

As per the Procedural History set forth above, there are still issues for this Honorable Court to decide. Based on the foregoing, permitting the Congregants to intervene at this time will neither prejudice any of the existing parties nor delay the progress of the case.

B. **The Congregants Have a Strong Interest in this Action**

The Congregants have a strong interest in this action. A strong interest is "an interest relating to the property or transaction which is the subject matter of the action." *Hartford Fire Ins. Co. v. Mitlof*, 193 F.R.D. 154, 160 (S.D.N.Y. 2000). "The interest required by Rule 24(a)(2) has never been defined with particular precision. . . but at a minimum, it must be a significantly protectable interest. . . that is direct and substantial." *Sec. Investor Prot. Corp. v. Bernard L.*

6

*Madoff Inv. Sec. LLC*, 550 B.R. 241, 249-250 (B.R.S.D.N.Y. 2016). Such an interest must "significantly contribute to the full development of the underlying factual issues and to the just and equitable adjudication of the legal questions presented." *Ass'n of Conn. Lobbyists LLC v. Garfield*, 241 F.R.D. 100, 103 (D. Conn. 2007); see *Int'l Design Concepts, LLC v. Saks Inc.*, 486 F. Supp. 2d 229, 235 (S.D.N.Y. 2007).

The present case surrounds the sale of the Kiryas Radin property and assignment of mortgages which were all subject to questionable resolutions authorizing the Defendant Rabbi Aryeh Zaks to act on the Board's behalf. Rabbi Aryeh Zaks claims that he had Board approval for all actions taken. Rabbi Mayer Zaks claims that he was a member of the Board and was not consulted on any of his brother, Aryeh's actions. While these two brothers are continuing their dispute it is the Congregants who will be most adversely affected by the disposition of this matter.

The Congregants' intervention will significantly contribute to the full development of the underlying factual issues and to the just and equitable adjudication of the legal questions concerning the underlying merits of the claims in this Adversary Proceeding. Thus, the Congregants' have a strong interest in this action.

### C. The Congregants' Interest May be Impaired

The Congregants' interests may be impaired by the outcome of this case. "Rule 24(a)(2). . . requires the movant to show that it is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede its ability to protect its interests." *New York v. Scalia*, 2020 U.S. Dist. LEXIS 115415, 2020 WL 3498755, *7-8 (S.D.N.Y. 2020).

7

The present case certainly implicates the Congregants' interests.  As mentioned above, this case centers around the sale of the Property which has on it a Yeshiva and synagogue which the Congregants have worshiped at, built with their own hands and made significant financial contributions to for many years.   The disposition of this case will have long lasting and permanent ramifications on the community.

Accordingly, the Congregants should be permitted to intervene as they will be impaired by the outcome of this case.

### D.     The Congregants' Interests Are Not Adequately Represented

Lastly, the Congregants' interests are not adequately represented by either side.  Rabbi Aryeh Zaks has sold the Property with or without Board or other necessary permission.  Rabbi Mayer Zaks has voiced opposition to that sale and claims that he was a member of the Board but was never consulted on the sale.  Rabbi Mayer Zaks is no longer represented by counsel and, even when he was, the Congregants did not feel that it was adequately represented.

"The requirement [for inadequacy of representation] is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal."  *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972).

The Congregants' position is that the Property, including the Yeshiva and synagogue, belongs to the Congregants.  The sale of the Property should be decided by the Congregants and not an individual who sells the Property for their own personal gain.  They would like their interests to be protected and their complaints heard.   If the Congregants are granted leave to intervene, they will assert, inter alia, claims against all parties as to how the Congregants' and the

community finds itself as currently situated. To date, no one has truly taken the Congregants' interests into account.

Therefore, based on the foregoing, the Congregants' interests are not be adequately protected in this Adversary Proceeding.

## **CONCLUSION**

For all the foregoing reasons, the Congregants' have demonstrated that they meet Rule 24(a)(2)'s requirements for intervention. In the alternative, the Court should grant the motion to intervene and permit the Congregants to intervene as a plaintiff in this action.

Dated: February 19, 2021

                                                                     Respectfully submitted,

                                                                     CONDON PAXOS PLLC

                                                                     By:_____/s/ *Brian K. Condon*_____
                                                                         Brian K. Condon
                                                                    55 Old Turnpike Road, Suite 502
                                                                    Nanuet, New York 10954
                                                                    (845) 627-8500
                                                                    (845) 627-8507 Fax
                                                                    Brian@CondonPaxos.com

                                                     *Attorneys for Putative Intervenor-Plaintiff*
                        *Congregants of Mosdos Chofetz Chaim a/k/a Kiryas Radin*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of February, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electric Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Brian K. Condon
Brian K. Condon