# LEVINE & ASSOCIATES, P.C.
## ATTORNEYS-AT-LAW

15 Barclay Road
Scarsdale, New York  10583
e-mail: ml@LevLaw.org
Fax  (914) 725-4778
Telephone  (914) 600-4288

March 2, 2021

<u>Via ECF and e-mail</u>

Hon. Robert D. Drain, U.S.B.J.
Southern District of New York
300 Quarropas Street
White Plains,. New York 10601

*RE: <u>Mosdos Chofetz Chaim, et. al. v. Mosdos Chofetz Chaim, et. al.</u>*
*<u>[Adversary Proceeding No. 20-08949-RDD</u>*

Dear Judge Drain:

A new letter application for an adjournment of the upcoming hearing on March 4th was filed a short time ago by Mr. Vann [DE-127]. This time, he claims to not have had enough time to prepare for the hearing. I point out that Mr. Vann originally appeared in this action on January 21, 2021, some six weeks ago [DE-93]. In his initial letter to the Court of that date [DE-94], Mr. Vann claimed that he had "recognized some issues which should be addressed to the Court" and requested leave to present the same that day (the day scheduled for the Court's announcement of its decision on the *in limine* motion). Mr. Vann having neither identified or described those "issues," nor explained why none of the prior three sets of attorneys for Mosdos/Rabbi Mayer Zaks had raised the same, the Court denied that request. On January 27, 2021, more than a month ago, I served and filed a Notice of Hearing for the March 4th hearing date [DE-99]. On February 8, 2021, Mr. Vann filed a motion for reconsideration of the Court's *in limine* ruling [DE-104]. On February 23, 2021, Mr. Vann sent a letter to the Court [DE-113] requesting an adjournment of the hearing because "as long as the issues raised by the Motion [for reconsideration] are undecided, proceeding with the Trial would not serve the best interests of judicial economy and efficiency." Mr. Vann did *not* claim that he was unable to prepare adequately for the hearing, nor did he ask for any adjournment as a purported result. On February 24, 2021, at 10:57 am, the Court made an e-mail ruling as follows: "No need to respond [to Mr. Vann's request for an adjournment]. The trial will proceed as scheduled unless all parties agree to an adjournment." Mr. Vann did not ask for immediate reconsideration of that ruling on the ground that he was not able to adequately prepare for the trial. Instead, he waited until today – only *two days* before the hearing date – to now claim that the six weeks he had to prepare for the hearing were, somehow, not sufficient. With all due respect, it is an entirely specious claim. The Court's *in limine* ruling has precluded Plaintiffs from offering any evidence on "board meetings, corporate governance, board action, board composition and authority to act … regarding the transfer of the Mosdos Property as contemplated by the plan with regard to complying with any additional approval under applicable New York law besides this Court's approval of confirmation of the plan" (emphasis added). There are only three witnesses that are

**LEVINE & ASSOCIATES, P.C.**
**ATTORNEYS-AT-LAW**

Hon. Robert D. Drain, U.S.B.J.
Page 2                                                                                               March 2, 2021

expected to be presented (by way of previously filed Declarations) by Defendants, and a total of only thirteen exhibits. Mr. Vann has had more than ample opportunity to prepare for the cross-examinations of those witnesses.

The instant request is just one more in a long line of delay tactics employed by Rabbi Mayer Zaks and his army of attorneys. All the while, Defendants are bound by a status quo order that, in effect, requires them to pay the living and other expenses of Rabbi Mayer Zaks and his family and impedes the actual and *de facto* owner of the property from pursuing its own plans. Despite Mr. Vann's unsupported assertion to the contrary (claiming that "there are no pressing issues which need to be immediately resolved"), the repeated deployment by Rabbi Mayer Zaks of his bag of tricks has been, and continues to be, extremely prejudicial to the Defendants. He delayed the *in limine* hearing as long as possible before having to face the music for his acts, and he has delayed the underlying hearing of the Contested Issues at the eleventh-hour on three separate occasions, all the while getting a free ride (not paying his attorneys and living off the Defendants) and costing the Defendants literally hundreds of thousands of dollars in unnecessary legal fees. His instant request (ostensibly through Mr. Vann, although Rabbi Mayer Zaks himself made a separate request for an adjournment) should, it is respectfully submitted, be denied by the Court and the hearing should proceed as scheduled.

Thank you for your attention.

                                                              Very truly yours,

                                                              MICHAEL LEVINE

cc. All counsel and Rabbi Mayer Zaks (via e-mail)